Devlin, Appellant, *v.* Devlin.

Argued October 3, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Tobias Hahn,* with him *Abraham J. Levinson,* for appellant.

*Allen Gray Clark,* with him *Bryan A. Hermes,* for appellee.

OPINION BY RHODES, J., December 20, 1939:

Libellant and respondent were married on December 3, 1932. Libellant at the time was a medical student, and respondent was employed. He took respondent to the home of his parents in Philadelphia, where they resided until August 6, 1933, when the separation occurred. Prior to the separation respondent had frequently requested libellant to establish a separate home. Respondent was supporting libellant. She was even willing to assume the additional responsibility. Libellant refused to entertain the request. For some time prior to their marriage she had likewise taken care of his financial obligations to a large extent. By marriage respondent did not acquire the burden of either educating or supporting her husband at such place as he might dictate. In the home of libellant's parents, where libellant and respondent had a bedroom, there were libellant's father and mother, three sisters, an aunt, and three brothers, one of whom was married and lived there with his wife and child.

On August 6, 1933, respondent enumerated to libellant some of the unpleasant situations that existed as they were then living, and again requested him to discuss the matter of a home of their own. He indignantly refused, and told her that she would have to stay there or get out if she did not like it. We think that the testimony also establishes the fact that he physically abused her on this occasion. Her testimony as to the extent of his mistreatment was corroborated by that of a doctor and respondent's mother. She went that day to the home of her parents. Thereafter libellant contented himself with writing numerous letters (of which he kept copies) to respondent requesting her to return to the home of his parents, and in sending his brother as an emissary to his wife. Libellant was advised by respondent that she was willing to live with him in a home of their own separate and apart from his family. Libellant was always fully aware of this attitude on the part

of his wife. Libellant never supported respondent, and never offered to do so. From her earnings the funds were obtained, during the time that they cohabited as man and wife, for the expenses of both. She paid board for both to his parents. Under the circumstances she was entitled to have something to say as to where they lived. The law imposes no such requirement on the wife as libellant contends. At least, she was not obliged to remain in the home of her husband's parents, and pay for the privilege. Her refusal to do so does not constitute desertion.

Separation is not necessarily desertion. "To sustain an action of divorce for desertion it is necessary to prove that the separation was not only wilful and malicious on the part of the respondent but that it continued so to be and that it was without the consent or encouragement of the libellant. There must be an actual abandonment of matrimonial cohabitation with intent to desert and this must have been wilfully and maliciously persisted in without cause for two years": *McCampbell v. McCampbell*, 64 Pa. Superior Ct. 143, at page 144.

The burden of proof was upon libellant to establish the essential facts by clear and satisfactory proofs. *Good v. Good*, 113 Pa. Superior Ct. 592, 593, 173 A. 430. We are of the opinion that libellant failed to meet this burden.

Libellant manifested no disposition to establish a separate home. He was unalterably opposed to any such arrangement. A careful examination of the voluminous record convinces us that respondent was justified in refusing to return to the home of libellant's parents to live. It may have been beneficial for libellant's parents to have had the additional income which respondent's presence produced, but his first duty was to his wife. See *Rood v. Rood*, 117 Pa. Superior Ct. 291, 178 A. 173; *Reynolds v. Reynolds*, 62 Pa. Superior Ct. 280; *McCampbell v. McCampbell*, supra.

It would serve no purpose to enumerate the various

24

undisputed facts concerning libellant's conduct both before and after his marriage to respondent, which merely emphasize the justification of her refusal to remain at his parent's home.

Decree is affirmed. Costs to be paid by appellant.