Commonwealth *v.* Fluke, Appellant.

Argued November 12, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Samuel H. Stewart,* with him *Swirles L. Himes* and *Himes, Terrizzi & Shock,* for appellant.

*C. Jewett Henry,* with him *I. Newton Taylor,* District Attorney and *Henry & Corcelius,* for appellee.

PER CURIAM, January 8, 1948:

This is an appeal by a husband from an order entered against him for the support of his wife.

Appellant complains that the court below abused its discretion in making the order requiring him to pay $95 a month for his wife's support.

Appellant and relatrix were married in 1926 and lived together until 1945, when appellant, without any

cause whatsoever upon the part of relatrix, deserted her because he was infatuated with another woman. He is now living at Milroy, Pennsylvania, thirty-five miles from Huntingdon, where the young woman in whom he is interested resides and conducts a restaurant.

Relatrix has no income, is unable to work, and has been sick for some years. Her condition requires treatment and frequent hospitalization.

Appellant is employed at a salary of $55 per week, which consists of four and one-half working days, with an allowance of $20 per week for meals, lodging, and other expenses. He also assists the young woman in the operation of the restaurant at Milroy.

The court found that appellant's income was at least $296 per month, consisting of his salary, his expense allowance, and remuneration for his services at the restaurant; and that he was of sufficient ability to pay $95 per month for the support and maintenance of his wife. This sum does not meet her current expenses.

Appellant's testimony was unsatisfactory and evasive. He failed to produce his income tax reports and to disclose his entire income and expenses. There was an absence of good faith as well as good morals.

In determining appellant's sufficient ability to pay, the court could consider not only the actual amount shown to have been received, but also the attendant circumstances. *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 205, 30 A. 2d 437.

The order is not excessive under the circumstances, and we find no abuse of discretion. *Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 40, 46, 24 A. 2d 712; *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236.

The order is affirmed.