## Commonwealth ex rel. Van Wagenen, Appellant, v. Van Wagenen.

Argued March 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leon Rosenfield,* with him *John Patrick Walsh,* for appellant.

*Harry A. Takiff,* with him *Mark E. Lefever,* for appellee.

OPINION BY ARNOLD, J., July 20, 1950:

The Municipal Court of Philadelphia entered an order against the defendant-husband for the support of the children but denied support to his wife, and she appealed.

It is conceded that the relatrix withdrew from her husband's habitation on March 6. The wife having voluntarily left her husband, in order to be entitled to support she was bound to justify her withdrawal by some reason sufficient in the law: *Commonwealth ex rel. Berry v. Berry,* 165 Pa. Superior Ct. 598, 69 A. 2d 442; *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720; *Commonwealth v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266.

The court below found that she did not establish a justifiable cause for her withdrawal. In this we concur. Her reasons for leaving were expressed in generalities, charging that he "went into temper tantrums." She had previously withdrawn from the home and a reconciliation was effected. She admitted that no acts of physical violence occurred after that reconciliation. Her other reason for withdrawal was also expressed in a generality: that he accused her "falsely of my infidelity and of my incapacity to do for him." She also testified that if her husband in good faith requested her return, she would not agree "because I wouldn't believe him."

The husband testified that he had "caught her with a man ten years ago." This she did not deny. He further testified that perhaps once a year he became suspicious of her possible intimacy with other men. He was blind

and stated that he "tried to talk to her about it"; that she did not become upset over it; and that such conversations were not the reason for her withdrawal.

Like most of these cases, the trial judge, rather than this Court, is much better able to judge of the credibility of the witnesses and the weight to be given to their testimony. The court stated: "We observed the parties and their demeanor when they gave their testimony. We have weighed the testimony and the credibility, and we find that the credible evidence shows the voluntary separation of the relatrix from the defendant and that her grounds for separation from defendant do not constitute an adequate legal reason for relatrix's voluntary separation from defendant."

Order affirmed.