Commonwealth ex rel. DiPietro *v.* DiPietro,
Appellant.

Argued October 15, 1953. Before RHODES, P. J.,
RENO, ROSS, GUNTHER and WOODSIDE, JJ.

*Louis Lipschitz,* for appellant.

*A. A. Guarino,* with him *Samuel Dash,* Assistant
District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 19, 1954:

This is an appeal from an order of the Municipal
Court of Philadelphia made against appellant for the
support of his wife in the sum of $12 per week. It is
his contention that his wife is not entitled to support
because she refuses, without sufficient cause, to live
with him in the home of his parents.

The parties were married on October 21, 1950. No children were born of the marriage.

The parties lived together with the husband's parents, grandfather, brother and the brother's wife, until May 5, 1953, when the appellee left. The home was well furnished and maintained. The wife was employed during the marriage.

Prior to the marriage the wife knew that she and her husband were to live with his parents until they had saved enough money to purchase a home. After the marriage the husband would not provide a separate home, saying that he would not do so until they could pay for it in cash. Both parties were employed. Out of their savings the husband loaned to his father the sum of $2075 for the purchase of a home at 2434 Greenleaf Street, Philadelphia, in which all of them were living at the time the appellee left. The husband admits that the wife wanted him to hold the money for the purchase of their own home. At the time of their separation their bank account had a balance of $1250.

The parties got along reasonably well in his parents' home but the wife testified that his parents imposed their opinions upon them, and at times complained that she did not do enough housework.

At the time of the hearing, and on several other occasions since their separation, the wife agreed to live with the husband in a separate home, but refused to return to his parents' home. The hearing court found that these offers were made in good faith.

A husband is legally bound to support his wife. When he has sufficient earning capacity or assets, the only reasonable cause justifying his refusal is conduct on her part which would be valid grounds for divorce. *Commonwealth ex rel. Rankin v. Rankin*, 170 Pa. Superior Ct. 570, 87 A. 2d 799 (1952).

To constitute desertion the separation must be willful and malicious and without consent or encouragement. *Devlin v. Devlin,* 134 Pa. Superior Ct. 21, 23, 3 A. 2d 196 (1938).

In a proceeding for support, the wife need not establish facts which would entitle her to a divorce. It is sufficient if she justifies living apart from her husband for any reason adequate in law. She is not chargeable with desertion because of her refusal to live with him at the home of his parents. *Isenberg v. Isenberg,* 75 Pa. Superior Ct. 551 (1921), *Donald v. Donald,* 155 Pa. Superior Ct. 90, 38 A. 2d 376 (1944).

The husband insists upon his wife living with his parents. His wife is willing to live with him in a separate household. There is no economic necessity for their not having a separate home. Her refusal to live with his parents is not desertion, and she is therefore entitled to support.

The order is affirmed.