Commonwealth *v.* Sgarlat, Appellant.

Argued March 5, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William A. Valentine*, for appellant.

*Albert H. Aston*, District Attorney, with him *Arthur Silverblatt*, First Assistant District Attorney, for Commonwealth.

*Arthur H. James*, for prosecutrix.

OPINION BY RHODES, P. J., April 11, 1956:

This is an appeal from an order of the Court of Quarter Sessions of Luzerne County entered against appellant for the support of his wife in the sum of $175 per month. The contentions of appellant are that his wife withdrew from the marital domicile without adequate legal reason and therefore is not entitled to support; and that, in any event, the order as entered is excessive and unreasonable.

The parties were married on October 31, 1954, and lived together for about ten months until the final separation near the end of August, 1955. Prior to the final separation, the wife had withdrawn from their home on two occasions, returning each time after a short period upon the solicitation of appellant. At the

time of final separation, the prosecutrix was pregnant.

The only witnesses before the court below were appellant and his wife. From the testimony it appears that from its inception the married life of the parties was filled with discord. Difficulties between them arose primarily over religion. Appellant is of the Protestant faith and the prosecutrix is of the Catholic faith. They were married in a Catholic church. Prosecutrix testified that their troubles became acute in December, 1954, less than two months after their marriage. She also testified that their arguments culminated in physical abuse by the appellant, and that in May, 1955, she left him. She returned after being assured by him there would be no further mention of religion and no more physical violence. The controversy over religion was renewed; and he became abusive in the presence of others. Prosecutrix further testified that appellant greeted the news of her pregnancy with the statement that she should not use that as an excuse to take naps, and that, when she started to leave the room, appellant attempted to forcibly detain her and used vile language. She again left appellant for approximately three weeks. Thereafter arguments continued until the end of August, again resulting in physical abuse by appellant, at which time the third and final separation took place. She stated that she could not accept appellant's offer of reconciliation because of his prior conduct.

Although appellant testified that he never showed any disrespect for his wife's religion and occasionally took her to her church, he also testified that there was tension between the parties every Sunday. Appellant stated that their marital difficulties in December, 1954, arose over an insurance policy. He claimed he did not use physical force against the prosecutrix in May, 1955, but only put his hand over her mouth to prevent her from screaming during an argument. He denied strik-

ing the prosecutrix or using any force whatsoever prior to the last separation. Appellant testified he attempted to effect another reconciliation with his wife but failed.

In a case such as this, the only legal cause which would justify a refusal by a husband to support his wife is conduct on her part which would be valid grounds for divorce. *Com. ex rel. DiPietro v. DiPietro*, 175 Pa. Superior Ct. 18, 19, 102 A. 2d 192. To be entitled to support, where a wife withdraws from the marital domicile, the burden is upon her to establish that her husband's conduct justified her leaving him or that he consented to the separation; and of course a voluntary withdrawal by the wife without adequate legal reason defeats her right to support. *Com. ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 530, 117 A. 2d 793. But the wife need not establish facts which would entitle her to a divorce; it is sufficient to justify living apart from her husband if she shows any adequate reason in law. *Com. ex rel. DiPietro v. DiPietro,* supra, 175 Pa. Superior Ct. 18, 20, 102 A. 2d 192; *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720.

We find no reason to disturb the determination by the court below that prosecutrix had adequate legal reason for leaving. There has been no abuse of discretion. The court below accepted the testimony of the wife, and on her testimony her withdrawal from the marital domicile cannot be said to be without reasonable and legal cause. There is no merit to appellant's contention that prosecutrix' voluntary withdrawal, together with appellant's attempts at reconciliation, would entitle appellant to a divorce on the ground of desertion, and that therefore prosecutrix is not entitled to support. This contention is based upon the premise that prosecutrix withdrew from the marital domicile without adequate legal reason, whereas the

evidence discloses her withdrawal was justified. Difference of religious belief would not ordinarily justify the refusal of a wife to live with her husband, but, as the court below pointed out, the arguments between appellant and his wife, which began over the difference of religious belief, resulted in physical and verbal abuse by appellant of his wife and created situations which became intolerable to her.

Appellant also contends that the amount of the order was unreasonable and excessive in that it exceeded one-third of appellant's net income. Appellant is manager of his father's sand and gravel business. Appellant testified that in 1954 he earned approximately $11,000 which included a $5,000 bonus. He testified that, although his salary in 1955 was higher than in 1954, his 1955 earnings would be lower than in 1954 because he would not receive a bonus. His gross weekly salary was $122.50, or a gross annual income of $6,370. The amount of the order is $175 a month, or $2,100 a year, which is $70 less than one-third of appellant's gross annual salary. The record does not disclose what appellant's net income would be. However, at the time of final separation appellant had approximately $14,000 in a bank account. At the hearing appellant testified that only $340 remained. He initially testified that he spent the money "on a binge" and gave the rest away. He then testified that the money was used to pay a debt, and when asked what the debt was for he replied: "That is no one else's business." When pressed further, he again changed his testimony, stating he purchased an automobile and gave the remainder to his father to reimburse him for sending appellant to college and to use in the business. It is significant that appellant made no attempt to reimburse his father for his college education from these funds, or to invest part of his money in his father's

business, until the parties had separated and after appellant received a letter from counsel for prosecutrix containing a reference to possible support. Considering these facts and in view of the evasive testimony of appellant in regard to this bank account, we cannot say the court below abused its discretion in determining the amount of the order. The court below was not restricted to appellant's actual earnings as the sole basis for the support order, but it was entitled to consider also his earning power, the nature and extent of his property, and all the attendant circumstances. *Com. v. Fluke,* 161 Pa. Superior Ct. 599, 56 A. 2d 112.

Order is affirmed.