Commonwealth *v.* Cooper, Appellant.

Argued September 26, 1956.   Before RHODES, P.J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Thomas C. Moore,* with him *J. Dallas Shepherd,* for appellant.

*Henry Thalenfeld,* for appellee.

Opinion by Gunther, J., December 28, 1956:

This appeal is from the award of support commenced by criminal proceedings. Appellant, Dr. Joseph Cooper, and appellee, Gertrude Cooper, were married on April 30, 1955. Appellant at the time was age 40 and appellee was age 32. After the honeymoon, they lived together for a period of approximately two months in Wilkes-Barre, Pennsylvania, until July 23, 1955, when they separated. During the time the parties lived together as husband and wife, marital difficulties arose between them. On July 23, 1955, appellee was locked out of her home, and she went to live with her parents.

Attempts at reconciliation having failed, a nonsupport action was commenced and a hearing was held thereon on September 9, 1955. Before an additional hearing could be held on appellant's financial status, the parties resumed living together from September 21, 1955 until December 27, 1955, when Mrs. Cooper went to the hospital for childbirth. After she left the hospital, she took her child and returned directly to her parents' home where she continued to reside. Hearings on the case were resumed on May 4, 1956 and at the conclusion thereof, appellant was ordered to pay the sum of $350.00 per month for the support of his wife and child. This appeal followed in which appellant challenges the right of the wife to any support whatever on the ground that the wife was not legally justified in leaving her husband. The amount of support is challenged on the ground that it is excessive.

Our duty is to determine whether there is sufficient evidence to sustain the order of hearing judge. *Commonwealth ex rel. Lipschultz v. Lipschultz*, 179 Pa. Superior Ct. 527, 117 A. 2d 793. In cases such as this, the only legal cause which would justify a refusal by

the husband to support his wife is conduct of the wife which would support valid grounds for divorce. *Commonwealth v. Sgarlat,* 180 Pa. Superior Ct. 638, 121 A. 2d 883; *Commonwealth ex rel. DiPietro v. DiPietro,* 175 Pa. Superior Ct. 18, 102 A. 2d 192. Conversely, where a wife voluntarily leaves her husband, the burden is upon her to establish justification for leaving or that the husband consented to the separation: *Commonwealth v. Sgarlat,* supra; *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720; *Commonwealth ex rel. Van Wagenen v. Van Wagenen,* 167 Pa. Superior Ct. 354, 74 A. 2d 740. However, the wife need not establish facts which would entitle her to a divorce but only facts which would justify her living apart from her husband.

Our review of the record amply sustains the order of the court below. It appears that difficulties arose between the parties almost from the beginning of their marriage. Appellant did not permit his wife to leave the home without his approval, forbade her family from coming into their home. She was constantly reminded that it was his home they were living in, his furniture and his money to maintain the home. He sought to make it clear that he was the master of the home. Prior to the first separation, the husband locked out the wife because she did not return at five o'clock from swimming as he had instructed her to do. She called him at his office to be permitted to enter the home but he refused to talk to her. She then moved in with her parents, and he did not call on her during the first separation. On September 21, 1955, the parties resumed cohabitation on the promise of the husband to change his attitude toward the wife, but his habits and treatment of her grew worse. He cut off her charge accounts, removed her name from a joint

bank account, gave her no money to purchase food and necessities for the home and herself, required her to buy food on credit at a store across the street, and limited her to an allowance of five dollars per week which he cut off completely around the middle of November, 1955. During her pregnancy, he persisted in habits which he knew would annoy her and make her life intolerable. The domestic help she previously received was cut off; he deliberately increased her household work and dirtied the home; he pursued filthy personal habits and refused to flush the toilet after use; he refused to take her out and stated he would take her out when she learned to act like a doctor's wife. He gave her no Christmas gift or flowers or remembrance gift during her confinement. He refused her money for essential maternity clothes. During her stay at the hospital, Dr. Cooper rarely visited her and the baby. When he did so, he appeared to be completely indifferent to her and her welfare. As a result, when Mrs. Cooper left the hospital, she went directly to her parents' home with the child. Later, when she returned to his house for her clothing, no effort was made on his part for reconciliation. When the baby was baptized, he refused to attend. When the wife made efforts at reconciliation, he completely ignored her.

There is evidence in the record which indicates that the husband acquiesced and consented to the separation. He refused to even talk about a reconciliation. Under such circumstances, the obligation to support his wife may be predicated on this ground alone. See *Commonwealth v. Sgarlat,* supra; *Commonwealth ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892; *Commonwealth ex rel. Glener v. Glener,* 173 Pa. Superior Ct. 108, 94 A. 2d 102.

The order for support of the wife and child is not excessive. The evidence clearly disclosed appellant to be a successful practitioner. His reported taxable income for three years preceding the order were as follows: 1953—$19,838.03; 1954—$13,150.00; 1955—$10,-903.21. In addition, appellant retained a one-third interest in a clinic which he built with his brother and sister, representing a total investment of approximately $70,000.00. The support order is less than one-third of his reported taxable earnings without consideration of any other factors. The court below was entitled to consider his earning power, the nature and extent of his property and all attendant circumstances. *Commonwealth v. Sgarlat*, supra.

We are satisfied that the husband's conduct justified the withdrawal of the wife from the common household and that the evidence amply sustains the order of the court below.

Judgment affirmed.