Commonwealth ex rel. Mandell *v.* Mandell,
Appellant.

Argued March 11, 1957.   Before RHODES, P. J., HIRT,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Norman Landy*, with him *Norman Paul Wolken*, and *Wolken & Landy*, for appellant.

*Elder W. Marshall*, with him *David B. Fawcett, Griggs, Moreland, Blair & Douglass*, and *Reed, Smith, Shaw & McClay*, for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This appeal is from an order of support made by the County Court of Allegheny County instituted by the wife, Belle Mandell, for herself and minor daughter against her husband, Louis L. Mandell, appellant. The parties were married in 1927 and have two daughters, one of whom is married and the other is eleven years old and living with her mother.

At the time of the marriage, appellant operated a retail ladies' ready-to-wear store in Pittsburgh and was doing moderately well with the aid of his wife who worked there as a bookkeeper. In 1935, a similar store was opened in Wilkinsburg, which his wife managed successfully, while he continued to operate the Pittsburgh store. In 1938, appellant gave up the store at Pittsburgh and thereafter managed the Wilkinsburg store. Before disagreements began, the parties lived nicely and were able to take semi-annual vacations to Florida in the winter and the mountains in the summer. The earnings from the stores were such that he was able to acquire several valuable pieces of real estate, including his home. After the separation on January 11, 1955, the wife continued to reside in the home with her younger daughter and paid for the utilities and one-half of the taxes and insurance. In addition,

she continued to receive two hundred twenty-five dollars per month from a commercial building which was owned in joint names with her husband, but she was obliged to pay one-half of the taxes, insurance and other expenses of upkeep. The remainder of the properties were in the name of the husband alone.

The parties gave different versions as to why they separated in 1955. There was considerable incrimination and recrimination. The husband maintained that he was forced to leave his home because of constant bickerings, certain love letters which he found addressed to his wife and the fact that his wife finally told him to get out. The wife accused the husband of having affairs with another woman. After weighing the conflicts in testimony, the court below concluded that the husband was not justified in refusing to support his wife and child as he was not such an innocent and injured spouse as would warrant a divorce in his favor. At the conclusion of several hearings, on January 13, 1956, a final order for support in the sum of seven hundred dollars per month was entered. From this adjudication, appellant has taken this appeal challenging the finding of wilful desertion and neglect to maintain his wife and also challenging the amount of support as excessive.

Our duty is to determine whether there is sufficient evidence to sustain the order of the hearing judge. *Commonwealth v. Cooper*, 183 Pa. Superior Ct. 36, 128 A. 2d 181; *Commonwealth ex rel. Lipschultz v. Lipschultz*, 179 Pa. Superior Ct. 527, 117 A. 2d 793. The only legal cause which would justify a refusal of the husband to support his wife is conduct of the wife which would support valid grounds for divorce. *Commonwealth v. Cooper*, supra; *Commonwealth v. Sgarlat*, 180 Pa. Superior Ct. 638, 121 A. 2d 883. Where the husband leaves the common abode, the wife need not

establish facts which would entitle her to a divorce but only facts which would justify her living apart from her husband. *Commonwealth v. Cooper,* supra.

Upon a review of this record, we are satisfied that the husband did not establish grounds which would entitle him to a divorce. The court below found that he had planned to leave his wife for some time and had provided an apartment for himself well in advance of his departure. He had been removing his effects a few at a time until he finally left. As to Mrs. Mandell's supposed love affair, the court below found that even if there had been an affair, the husband admitted having knowledge of it for several years and had condoned it. In any event, these were questions of fact to be determined by the court below. In non-jury cases, the findings of fact will not be disturbed on appeal if the record discloses sufficient evidence or reasonable inferences therefrom to sustain them. *Stern v. Gorson,* 315 Pa. 315, 172 A. 720; *Commonwealth v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886; *Commonwealth v. Saul,* 175 Pa. Superior Ct. 540, 107 A. 2d 182; *Commonwealth v. Kenny,* 169 Pa. Superior Ct. 152, 82 A. 2d 552.

The other question raised on this appeal, is whether the amount awarded, in view of the testimony and determination by the court below, is excessive. The record of all the husband's real estate holdings were introduced into evidence as an aid in the determination of his net worth. In addition, his income tax returns for 1953 and 1954 were also introduced into evidence as well as the amounts of his receipts and disbursements from January 1, 1955 to July 31, 1955. This was proper as the court below was entitled to consider his earning power, the nature and extent of his property and all attendant circumstances. *Commonwealth v. Cooper,* supra; *Commonwealth v. Sgar-*

*lat,* supra.  While the introduction of the 1953 and 1954 returns may not be proper in considering the husband's earning ability at the time of hearing, they may be considered as a guide in determining any large and unexplained drop in earnings at or about the time of hearing.

The court below found that it will take the wife and child eleven hundred dollars a month to live under the same circumstances and the same station in life as before the separation.  However, the wife testified that, considering all of her expenses, the maximum she would require amounted to nine hundred sixty-one dollars per month.  In this figure several items were computed which cannot be justified.  She testified that she would need $265.00 for food alone for two persons, whereas the same amount was required for four persons prior to the separation.  On this appeal, counsel for appellee frankly admits such cost for food to be extravagant.  The wife testified that she required for medicine and medical services between $118.00 to $143.00 per month, but when questioned about her actual medical expenses, it appeared she paid approximately $275.00 for the entire year.  She tried to justify this large medical requirement by stating that her daughter needed dental work that would approximate $1,000.00, but cross-examination disclosed that such work would not be needed for several months.  She testified that she would require $45.00 per month for taxes for the dwelling she occupied but the actual taxes were considerably less on this property.  She further testified she required $150.00 per month for vacation, or a total of $1800.00 for the year.  However, no attempts were made to justify this expenditure except to state that she was accustomed to two vacations per year.  The court below also found that since the oldest daughter was accorded a college education, the

youngest child should also be given the same opportunity. However, this matter was not before the court since the child was not old enough to attend high school. Insurance on the home was estimated at $35.00 per month, or $420.00 a year. There is no evidence in the record to justify such large expenditure for home insurance.

The court below concluded that the husband's income in 1954 was in excess of $49,000.00. However, a close examination of the record discloses several erroneous assumptions in this figure. For the year 1954, the court below found that the business inventory as of January 1, 1954 was $8,567.16 and as of December 31, 1954, it was $15,123.77, or a gain of $6,556.61. It appears, however, that the court below considered inventory gain twice in arriving at the 1954 income. Also, an item of $12,481 expended for business improvements was included in income which allegedly was deducted from appellant's tax return. However, the fact is that he did not deduct the improvement costs from his business income but, rather, one-half year's depreciation because the improvements were made in July, 1954. An item of $6,624.61 was included as income from a business property, the St. Nicholas Building, in Pittsburgh. However, it appears that this was merely a paper profit and even appellee admits that this investment was an improvident one and admits that the investment offsets the debt. It would appear that by the elimination of several erroneous calculations, the husband's income for the year 1954 was closer to $25,000.00 before taxes.

Considering the wife's separate income and the home she occupies rent free and the erroneous basis of income and net worth upon which the court below based its order of support, we are constrained to remand the record with instructions that a recalculation

be made consistent with this opinion, and that an award be made in accordance therewith.

The judgment is reversed and the record is remanded to the court below for a reconsideration of the order of support consistent with this opinion.