Commonwealth ex rel. Miller, Appellant, *v.*
Miller.

Argued September 12, 1966.   Before Ervin, P. J.,
Wright, Watkins, Montgomery, Jacobs, Hoffman,
and Spaulding, JJ.

*Thomas W. Maher,* for appellant.

*Joseph R. Young,* with him *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY HOFFMAN, J., November 17, 1966:

This action for support was brought by Margaret Miller against her husband, Elmer Miller, in the Court of Quarter Sessions of Delaware County. At a hearing on October 8, 1965, the trial judge made a temporary award to the wife in the amount of $35.00 per week. After a second hearing on December 10, 1965, however, the court concluded that the wife had withdrawn from the marital domicile without justifiable cause, and, in addition, had refused a bona fide offer of reconciliation. Consequently, the temporary award was revoked and terminated on January 6, 1966. The wife now appeals.

A wife who withdraws from the marriage domicile is entitled to support only if she shows that her husband's conduct justified her leaving, or that he consented to the separation. *Commonwealth v. Sgarlat,* 180 Pa. Superior Ct. 638, 121 A. 2d 883 (1956). But she is not held to the high degree of proof required of the husband and need not establish facts which would entitle her to a divorce; it is sufficient if she justifies living apart from her husband for any reason adequate in law. *Commonwealth ex rel. Ross v. Ross,* 206 Pa. Superior Ct. 429, 213 A. 2d 135 (1965); *Commonwealth ex rel. Woodruff v. Woodruff,* 188 Pa. Superior Ct. 320, 146 A. 2d 376 (1958).

In the instant case, Mrs. Miller testified that her husband told her to get out and to take the furniture with her. She testified further that he had begun to

drink a few years ago and that his subsequent conduct
had left her in a "pretty nervous state." On the day
of her departure, he told her: "I want you to leave, I
want you to get out. I have a lawyer, and if you
don't, the lawyer will put you out." Her account of
these events was not challenged on cross-examination,
nor was it later denied by the husband.

On this record, the trial judge's conclusion that the
wife withdrew without justifiable cause cannot stand.
The evidence adduced in the court below compels a
finding that the husband consented to her departure.
Furthermore, his conduct left her little choice but to
withdraw from the marriage domicile. The instant
case is wholly unlike *Commonwealth ex rel. Brown v.
Brown*, 195 Pa. Superior Ct. 324, 171 A. 2d 833 (1961),
relied on by the lower court. There, the wife left with-
out her husband's knowledge, in response to an earlier
request that was "conditional" in nature. Here, the
husband's ultimatum was much stronger than a simple
statement that his wife could leave "if she wanted to."
In these circumstances, the husband's duty to support
and maintain his wife was not terminated by her de-
parture. *Commonwealth v. Sincavage*, 153 Pa. Supe-
rior Ct. 457, 34 A. 2d 266 (1943); *Commonwealth v.
Turnblacer*, 183 Pa. Superior Ct. 41, 128 A. 2d 177
(1956).

The trial judge further found that the wife forfeited
any right to support she may have had by refusing her
husband's bona fide offer of reconciliation.

A husband's good faith and sincerity are best meas-
ured by his course of conduct before and after the
hearing. They are not established by a single offer
made transparently for the purpose of escaping lia-
bility for support. *Commonwealth ex rel. Berry v.
Berry*, 165 Pa. Superior Ct. 598, 69 A. 2d 442 (1949);
*Hyle v. Hyle*, 188 Pa. Superior Ct. 20, 145 A. 2d 889
(1958). The only offer of reconciliation in this case

was made, after prompting by the trial judge, at the hearing on October 8, 1965. The court twice asked, "Are you willing to take [Mrs. Miller] back?" After some hesitation, defendant replied in the affirmative. It is clear, however, that he sought no reconciliation of any sort prior to that date, although he had signed the consent to the support petition some sixteen days earlier. Furthermore, the testimony discloses no attempt of any kind by the husband to effect a reconciliation in the two months between the first and second hearing. Indeed, he complied with the court's temporary support order for only six weeks. He made no further payments until a bench warrant was issued on November 19, 1965, to compel his attendance in Court.

In view of the reluctant character of Mr. Miller's offer of reconciliation and the absence of any other evidence of the sincerity of his intentions, we think the lower court erred in concluding that his offer was made in good faith. "Bona fides is the fundamental test which every offer of reconciliation must survive. When the parties are estranged by financial matters and the husband's drinking, and the husband at a non-support hearing for the first time publicly offers to return, such offer can well be said to be a stratagem or a technical expedient to defeat a support order. He should not be allowed by the magic of a few words, without some other evidence of their frankness and of his genuine and sincere intention to remove the cause of the disagreement, to avoid an order for support under such circumstances." *Commonwealth ex rel. Koehler v. Koehler,* 170 Pa. Superior Ct. 117, 118-19, 84 A. 2d 253, 253-54 (1951).

We hold, therefore, that neither the wife's withdrawal from the marital home nor her later refusal of an offer of reconciliation were sufficient, in this case, to absolve the husband from liability for his wife's support.

The lower court indicated that it would be necessary to review the sufficiency of the temporary award granted at the first hearing, in the event that the proposed reconciliation between the parties was unsuccessful. This review never occurred because the court later determined that the husband was in no way obligated to support his wife. Since we disagree with this conclusion, it now becomes necessary for the lower court to make a full investigation into the financial conditions of the parties, including a determination of the husband's and wife's earnings and needs. Accordingly, we make the following order.

The order of the lower court of January 6, 1966 revoking and terminating the temporary order in favor of the wife is reversed. The order of October 8, 1965 is re-instated pending a full hearing in accordance with our directions hereinabove.

MONTGOMERY, J., would affirm on the opinion of the lower court.