Hillsborough,
No. 5700.

KAY NOYES

*v.*

ROLAND M. NOYES.

Argued December 5, 1967.
Decided January 30, 1968.

*Paul A. Rinden* and *Patrick L. J. Veilleux* ( *Mr. Rinden* orally ), for the plaintiff.

*Eaton, Eaton, Ross & Moody* ( *Mr. Robert I. Eaton* orally ), for the defendant.

GRIMES, J.   This case originated with a petition for support of the plaintiff and the two minor children of the parties. We were told at argument that defendant is under an order to support the children in another proceeding ( presumably under RSA 458:35 ) and that the matter before us now involves only the question of support for the plaintiff. Both parties are domiciled in this state and the plaintiff, prior to filing this petiton, had been denied a divorce here after a contested hearing.

The Trial Court found that the "living apart by the wife is not for justifiable cause" and therefore made no order under RSA 458:31 ( supp ) and he also ruled that RSA 546-A ( supp ) does not apply to this case. All questions of law raised by plaintiff's exceptions to these rulings were transferred by *Morris,* J.

Plaintiff contends that the Trial Court erroneously equated "justifiable cause" with "cause for divorce" in determining that she was not entitled to support under RSA 458:31 ( supp ).

Prior to a complete revision of section 31 in 1963, that section provided for support "whenever a cause is in existence which is, or if continued will be, a cause for divorce." RSA 458:31. As rewritten in 1963, the new section 31 authorizes support "if the wife for justifiable cause is actually living apart from her husband." Laws 1963, 42:1.

The language of the old section was held to authorize support only in those cases where there was either a matured or unmatured cause for divorce under New Hampshire law and then only if the plaintiff was domiciled in this state. *Eckstrom* v. *Eckstrom,* 98 N. H. 177.

A concurring opinion in *Van Rensselaer* v. *Van Rensselaer,* 103 N. H. 23, 25 said that it was unfortunate that nondomiciled wives could not obtain support from domiciled husbands and obviously espoused the elimination of the domicile requirement in RSA 458:31. Presumably in response to the plea of this concurring opinion, the Legislature in the 1963 revision of section 31 added the following sentence: "The domicile requirements of RSA 458:4,

5 and 6 shall not apply to this section; and the court may grant relief hereunder to a nonresident plaintiff if the defendant is a resident of this state."

This sentence alone if added to the old section 31 would have permitted nonresident plaintiffs to obtain support on the same basis as domiciled plaintiffs but would have required misconduct on the part of the defendant which fell "within one of the categories described as a cause for divorce in the statute." *Eckstrom* v. *Eckstrom, supra,* 179. However, in addition to eliminating the requirement of domicile, the revision permitted recovery of support if the wife was living apart for "justifiable cause." This is a term which has long been in use in neighboring states where long ago it was held that a wife lives apart for "justifiable cause" when the husband's conduct, while not necessarily constituting cause for divorce, is nevertheless such a serious departure from his marital duties as to justify her in living apart. *Lyster* v. *Lyster,* 111 Mass. 327; *Watts* v. *Watts,* 160 Mass. 464; *Newman's Case,* 222 Mass. 563. See also *Commonwealth* v. *Woodruff,* 188 Pa. Super. 320; *Commonwealth* v. *DiPietro,* 175 Pa. Super. 18; *Commonwealth* v. *Reddick,* 198 Pa. Super. 111; *Commonwealth* v. *Sgarlat,* 180 Pa. Super. 638; 3 Nelson, Divorce and Annulment ( 2nd *ed.* ) *s.* 32.15. In view of this well established meaning attached to the words "justifiable cause," it seems obvious that the Legislature intended to authorize support payments to a wife when she was living apart because of conduct which did not necessarily constitute either a matured or unmatured cause for divorce under New Hampshire law. The record in this case supports the Trial Court's finding of no justifiable cause and did not compel a contrary finding. The denial of support under RSA 458:31 ( supp ) was proper.

Plaintiff further contends that she is entitled as of right to separate support from the defendant upon a mere showing of need under RSA 546-A ( supp ). This chapter is entitled "Uniform Civil Liability for Support" and section 2 provides that "every person whose income or other resources are more than sufficient to provide for his or her reasonable subsistence compatible with decency or health owes a duty to support or contribute to the support of his . . . wife . . . when in need."

RSA 458:31 ( supp ) was enacted some eight years after the enactment of RSA 546-A ( supp ) and provides for the separate

support of the wife only if she is living apart for justifiable cause. Reading the two statutes together, we hold that a husband who is willing, as the defendant is, to support his wife in his own home is not required to "contribute to the support of his . . . wife" who is living apart without justifiable cause.

*Exceptions overruled.*

GRIFFITH, J., did not sit; the others concurred.