## Commonwealth ex rel. Lewis, Appellant, *v.* Lewis.

Argued December 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stephen A. McBride,* with him *Kassab, Cherry, Curran & Archbold,* for relatrix, appellant.

*Joseph E. Pappano,* with him *Robert F. Pappano,* and *Pappano & Pappano,* for appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

Appellant-wife brought an action for support of herself and one child. An order was entered requiring appellee-husband to provide support for the child in the amount of $25.00 per week. Support for the wife was denied, and this appeal followed.

The lower court correctly stated the law that "[a] voluntary withdrawal of the wife from the husband must, in order to justify the payment of support, be based either upon the consent of the husband or upon adequate legal reason." *Commonwealth ex rel. Rovner v. Rovner,* 177 Pa. Superior Ct. 122, 124, 111 A. 2d 160, 162 (1955) ; *Commonwealth ex rel. Miller v. Miller,* 209 Pa. Superior Ct. 196, 223 A. 2d 917 (1966). That is, if the husband consents to his separation from his wife, his legal obligation to support her continues.

The court below found that "[w]e may assume in these circumstances, the separation was with the husband's consent. However, it is also clear that it is with the wife's consent and approval, neither one wants to live with the other. . . . This separation is with the well expressed consent and agreement of both." There was ample support in the record for this conclusion.

Since the husband consented to being separated from his wife, he has a continued obligation to support her. Accordingly, the order of the lower court is reversed and the case remanded for a rehearing to determine the proper amount of support to which the wife is entitled.