Crissman, Appellant, *v.* Crissman.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Bruce E. Cooper,* with him *Cooper, Friedman & Friedman,* for appellant.

*Paul E. Clouser,* with him *Caldwell, Clouser and Kearns,* for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This action for support was brought by appellant-wife against appellee-husband under The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, Section 1 et seq., 62 P.S. 2043.31 et seq. The complaint alleged that appellee-husband made immoral advances towards appellant's fourteen-year-old son of a prior marriage, and that as a result of the husband's actions the appellant left the marital domicile.

The testimony presented by the boy and appellant was to the effect that on one occasion, when the mother was not at home, appellee asked the boy to go to bed with him. The boy reported this to his mother, who ordered him to stay away from appellee. On another occasion appellee, dressed only in his undershorts, positioned himself on top of the boy, who was lying on the floor on his stomach playing with a pinball machine. In this position appellee began "moving around" and became sexually aroused. After this incident, the boy complained to his mother, who demanded that appellee not touch her son again. Despite this ultimatum, a second, similar incident occurred. Appellant testified that she obtained another place to live and as soon as possible left appellee, taking her son with her. Appellee-husband's testimony not only failed to controvert the allegations, but partially corroborated them.

After hearing the evidence,[1] the trial judge concluded that appellant left her husband without adequate legal justification. The court thereafter handed down an opinion and order denying appellant's demand for support. The instant appeal followed.

---

[1] Appellant also presented evidence in an attempt to prove that appellee consented to the separation, but the lower court found no consent. Though we believe that appellant's position may well have merit, we do not feel that it is necessary to reach this issue.

We have examined the entire record in order to determine whether there is sufficient evidence to sustain the order of the court below. *Commonwealth ex rel. Scarpato v. Scarpato,* 190 Pa. Superior Ct. 45, 151 A. 2d 783 (1959); *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181 ( 1956); *Commonwealth ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 51 A. 2d 350 (1947). We are convinced that appellant had legal justification for leaving her husband and that the order of the lower court must be reversed.

The law is well settled in Pennsylvania that a wife seeking support has the burden of establishing that her husband's conduct justified her withdrawal from the marital domicile or that the husband consented to the separation. However, she need not establish facts which would entitle her to a divorce. E.g., *Commonwealth ex rel. Miller v. Miller,* 209 Pa. Superior Ct. 196, 197, 223 A. 2d 917, 918 (1966); *Commonwealth ex rel. Brown v. Brown,* 195 Pa. Superior Ct. 324, 326-327, 171 A. 2d 833, 834 (1961); see, *Commonwealth ex rel. Lewis v. Lewis,* 218 Pa. Superior Ct. 296, 275 A. 2d 861 (1971).

Here appellant has clearly carried her burden. She has convincingly shown that she left the marital domicile because of her husband's conduct toward her son. In an action for divorce, where the burden of proof is much greater than in the instant case, mistreatment of a spouse's child has been held to constitute indignities directed to the person of the parent and thus may support a divorce decree. See, *Walker v. Walker,* 109 Pa. Superior Ct. 539, 547, 167 A. 446, 448-449 (1933); 2 Freedman, Law of Marriage and Divorce in Pennsylvania, §338 (2d Ed., 1957). We believe that in an action for support mistreatment of a spouse's son, especially the type of sexual molestation present here, support the withdrawal of the mother and her child from the marital domicile.

Since appellant was justified in leaving her husband, we hold that the trial court erred in denying her support. The order of the lower court is vacated, and the record is remanded for a determination of what amount of support, if any, appellant should receive.[2]

---

[2] We do not determine at this time the effect, if any, of Article One, Section 27 of the Constitution of the Commonwealth of Pennsylvania on the right of appellant to receive support from appellee.