320

Commonwealth ex rel. Woodruff *v.* Woodruff, Appellant.

Argued November 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Richard W. Hopkins,* with him *White, Williams & Scott,* for appellant.

*Louis Lipschitz,* for appellee.

OPINION BY WATKINS, J., December 9, 1958:

This is an appeal from an order of the Municipal Court directing payment of support in the amount of $30 per week by the appellant, Joseph W. Woodruff, to his wife, Mary Woodruff, the appellee.

There is no complaint concerning the amount of the order and the decision of the court below that the wife was justified in leaving her husband in the last week of March, 1957, is not raised by this appeal. The narrow question before us is whether the court below abused its discretion in finding that the wife was justified in refusing the offers of reconciliation, admittedly made by the husband, because of her belief that they were not sincere and were not made in good faith.

Our review of the record amply supports the order of the court below. The parties were married in Philadelphia on November 3, 1956. They lived for a short time with the wife's parents after which they moved to a home in Woodbury, New Jersey. From November until January the marriage was apparently harmonious but in January of 1957 disagreements arose between them which grew in intensity until they were an almost daily occurrence and ending in the appellee leaving her husband in March of 1957.

The appellee had been married and divorced twice and had two minor children from her prior marriages. Some of their difficulties seem to arise from his failure to adjust to the children in the home. She complained

that these arguments ended in outbursts of abusive and vulgar language; that he attacked her and bruised her arm and finally threatened to kill her. She complains that his treatment affected her health and that she was very much afraid of him. He admits the use of abusive and vile language but explained that the language was induced by anger during the arguments. He denied most of the incidents testified to by the wife.

It is necessary to review the past actions of the appellant to determine the reasonableness of the wife's refusing to believe in his good faith. The offer of reconciliation must be made under such circumstances which should convince the wife of the genuineness of the proposal. *Davis v. Davis,* 156 Pa. Superior Ct. 342, 40 A. 2d 144 (1944). The good faith and sincerity of the husband are best measured by his course of conduct prior to the hearing and prior to the offers of reconciliation; they certainly cannot be established by offers of reconciliation which may be proposed to escape liability for support. *Com. ex rel. Berry v. Berry,* 165 Pa. Superior Ct. 598, 69 A. 2d 442 (1949).

A wife who has withdrawn from the marital domicile, on seeking support, is not held to the high degree of proof required by the husband and need not establish facts which would entitle her to a divorce; it is sufficient if she justifies living apart from her husband for any other reason adequate in law. *Com. v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595 (1950) ; *Com. v. Sgarlat,* 180 Pa. Superior Ct. 638, 121 A. 2d 883 (1956). This same reasoning would justify the refusal by a wife, who insists upon living apart, after having withdrawn from the marital domicile, in the face of an offer of reconciliation.

The appellee explains her position by saying: "I couldn't very well believe they would be in good faith after the last episode. I gave him a chance after the

one occasion when he bruised my arm and began using that vile word 'F' . . . and he showed me just how much good faith he was going to live up to his word." The last episode she speaks of was the threat to kill her which took place subsequent to the violence that resulted in the bruised arm.

In a support proceeding the trial judge who sees and hears the witnesses is in a better position than this Court to decide the issue on its merits and the function of this Court is to determine whether the court below is chargeable with an abuse of discretion. *Com. ex rel. Berry v. Berry*, supra.

We believe that the court below did not abuse its discretion but that the record clearly supports Judge KALLICK'S comment in his opinion where he says, "We have observed the parties as they testified, and we find the plaintiff worthy of belief. We find that the plaintiff has met the burden which the law places upon her of proving the course of conduct on the part of the defendant that justified her leaving him. Plaintiff is a woman of 'fine sensibilities' and the vile language which the husband constantly used was bound to, and did have, an ill effect upon her. Plaintiff's mother testified that she told the defendant, 'When I gave her (the plaintiff) to you she was a perfectly normal, happy child. Look at her now. She's a physical wreck'. Despite the defendant's protestations of love for his wife, which may have been genuine and real, his quick temper, abuse of his wife, and vile language, gave the plaintiff sufficient justification to leave him. By his conduct, he lost the love and devotion of the woman he protests he loves. She was the victim of his misconduct and became fearful of his violent temper and his threat to do her bodily harm. She is afraid of him and believes his offer to reconcile is not in good faith. . . . He had subjected her to a course of indigni-

ties which now made it improbable to her that his offer to reconcile was sincere and made in good faith. We believe his misconduct toward her justified her skepticism."

We have held that where the offending party relies upon an offer of reconciliation, broad discretion is lodged in the court below in determining the bona fides, which is the very essence of the offer. *Com. ex rel. Kenny v. Kenny*, 169 Pa. Superior Ct. 152, 82 A. 2d 552 (1951).

The order is affirmed.