Commonwealth ex rel. Scarpato *v.* Scarpato, Appellant.

Argued March 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John Justin McCarthy,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

The husband in this case has appealed from the order of the Municipal Court of Philadelphia County directing him to pay his wife the sum of $25.00 per week for her support.

The parties were married February 6, 1928, and eight children were born of this marriage. On August 26, 1949, when the parties were separated and two of

the children were living with the wife, a petition was filed seeking support for herself and the two children. A hearing was held on this petition and, since the wife had left the home of her husband and sought to obtain support for herself, in addition to the children, testimony was taken to determine the cause of her leaving and to determine whether her separation was for sufficient cause. That testimony disclosed that for some five years previous to the separation, the parties lived separate and apart from each other in the same house. She gave as her reason for leaving that the husband beat her with a strap the very morning she left. The husband testified that she left because she was pregnant and he had nothing to do with it. In corroboration of this, he produced a letter, admittedly written and signed by the wife and addressed to a person designated only as Tony, in which she made damaging admissions amounting to adultery and that the father of the youngest child was not her husband but her lover, Tony. In that letter, among other things, she characterized her husband as "just a has been" and Tony as a "little hot G.I." At the conclusion of this hearing, the Honorable Judge Beloff entered an order for the support of the children only and excluded the wife.

The separation continued and the wife received no support from the husband. On September 16, 1958, the wife again filed a petition asking support for herself. A hearing on this petition was held on October 31, 1958, and the court below entered an order for her support without referring to the previous adjudication. Neither the husband or his counsel made reference to this previous adjudication because they were led to believe that the petition was for an increase in the support for the children, and, in fact the husband was not served with a copy of this petition. The court below

proceeded on the theory that the husband had the burden of proving a defense to the petition for support and then concluded that in this respect he failed.

On November 17, 1958, a petition for vacating the order of support was filed on the ground that the wife was barred by the previous order entered in 1949. This petition was refused without a hearing on November 20, 1958. However, in its opinion, the court below made reference to the previous adjudication and concluded that the order entered in 1949 did not dispose of the wife's petition and was superseded by her later petition filed in 1958. This appeal followed.

It is our duty to examine the record to determine whether there is sufficient evidence to sustain the judgment of the Municipal Court. *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181; *Commonwealth ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 51 A. 2d 350; *Commonwealth ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 111 A. 2d 157. We will not interfere with its determination unless there has been a clear abuse of discretion. *Hyle v. Hyle,* 188 Pa. Superior Ct. 20, 145 A. 2d 889; *Commonwealth ex rel. Nicosia v. Nicosia,* 184 Pa. Superior Ct. 440, 136 A. 2d 135.

A review of this record convinces us that the order of the court below must be reversed. The only legal cause which will justify refusal of support is conduct on the part of the wife which would constitute valid ground for divorce. *Hyle v. Hyle,* supra; *Commonwealth ex rel. Mandell v. Mandell,* 184 Pa. Superior Ct. 179, 133 A. 2d 235. The proceedings conducted in 1949 and the order entered in connection therewith clearly demonstrate that the husband had valid grounds for refusing to support his wife. We cannot agree with the learned court below that this adjudication did not dispose of the wife's petition for support. The order

very clearly directed support for the children only and the necessary implications negated the wife's request. As a matter of fact, Judge BELOFF lined out any reference to the wife in the original order entered in 1949, and in our view, such action had the effect of a dismissal of her application. The reason for his action is contained in the transcript of those proceedings, particularly the letter admittedly written and signed by the wife. If the wife was dissatisfied with such adjudication, she had the right to take an appeal. Not having done so, this adjudication became res judicata. In *Commonwealth ex rel. DeShields v. DeShields*, 173 Pa. Superior Ct. 233, 98 A. 2d 390, we held that an order for support, unappealed from, usually is res judicata as to all defenses which have been raised in the proceedings for support. And while we recognized that there were exceptions to this rule, the exceptions primarily deal with changed circumstances which give validity to a later application for support. In *Commonwealth ex rel. Allen v. Allen*, 162 Pa. Superior Ct. 145, 56 A. 2d 343, we held that unless it appears on the record that there is an effectual bar to the proceeding, which prevents the court from entering the order, an order for support can always be opened if the circumstances have changed or altered from the time the first order was entered.

If, as we believe, there was valid ground for refusing support for the wife in the first instance, and if the separation continued for the same reason and under the same circumstances, there can be no change in circumstances which would authorize the favorable consideration of a later petition. We have been unable to determine from the record what the changed circumstance might be upon which the court below based its order. In our view, if the right of the wife to support terminated because of facts or conduct which

would have entitled the husband to a divorce, the burden is upon her to show a change of circumstances which would entitle her to support. The facts which precluded a right to support are deemed to continue and the wife, in the instant proceeding, utterly failed to show a change of circumstance.

Order reversed.