## Commonwealth ex rel. De Cristofano *v.* De Cristofano, Appellant.

Argued September 15, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Frank Carano,* with him *Lionel Savadove,* and *Carano and Kunken,* for appellant.

*David B. Winshel,* for appellee.

OPINION BY MONTGOMERY, J., November 16, 1960:

This is a proceeding for maintenance and support brought by the defendant's wife for her own behalf and in behalf of a minor child.

The case first was heard before Judge STOUT, wherein a temporary order was entered in the sum of $35.00 per week with a direction that both parties appear for psychiatric examination and the case was continued.

The case was then heard before Judge SCHWARTZ, wherein an order was entered upon the defendant to pay $25.00 a week for the support of his wife and $15.00 a week for the minor child. The defendant has appealed from this order.

The parties were married April 4, 1959, and lived together until February 13, 1960. There had been a prior separation for a brief period commencing on December 25, 1959, but there is little testimony on this point in either hearing, and a reconciliation had been effected in a few days.

The court below found that the separation on February 13 was caused by an argument between the parties arising over an impending visit of the wife's sister and during which the defendant became angry, struck his wife, and also threatened to "murder or cripple" her. She became hysterical and required treatment by a doctor. The wife, although employed, was in an advanced state of pregnancy at the time and she almost suffered a miscarriage because of this treatment. The court further found that the defendant had mistreated her and threatened her on a number of other occasions prior to the separation. She returned to her father's house where she now resides; and she testified that she is afraid to return to live with her husband. The evi-

dence also indicates that after the separation he did not contact his wife again before the child was born on June 13, 1960, and in fact ordered her father to remove the furniture from the home they occupied.

The function of this Court is to determine whether there is sufficient evidence to sustain the court below or whether the court below was guilty of an abuse of discretion. *Commonwealth ex rel. Scarpato v. Scarpato,* 190 Pa. Superior Ct. 45, 151 A. 2d 783; *Commonwealth ex rel. Stomel v. Stomel,* 180 Pa. Superior Ct. 573, 119 A. 2d 597. In a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on its merits. *Commonwealth ex rel. Woodruff v. Woodruff,* 188 Pa. Superior Ct. 320, 146 A. 2d 376.

Credibility is the deciding factor in this case. The issues are in dispute and the evidence is generally uncorroborated and conflicting. The court below accepted the testimony of the wife as the more creditable and entered an order accordingly. The contention of the defendant that his wife separated voluntarily, since her alleged reasons for leaving relate to the period prior to the separation at Christmas, 1959, and therefore have no bearing on the issue, is without foundation. The evidence of what occurred before the final separation was admissible to throw light on the character of the defendant's conduct and to show a course of conduct inconsistent with the defendant's assertion that he is the innocent party. If he committed acts of indignity or cruelty prior to the first separation and the same course of conduct was continued after the parties united again, such evidence was relevant to show a renewal of that conduct which he had previously exhibited. *Hill v. Hill,* 57 Pa. Superior Ct. 1.

In an action for support and maintenance a wife need not establish facts which would entitle her to a

divorce. It is sufficient if she has a reasonable cause for leaving her husband. *Commonwealth ex rel. Rovner v. Rovner,* 177 Pa. Superior Ct. 122, 111 A. 2d 160; *Commonwealth ex rel. Rankin v. Rankin,* 170 Pa. Superior Ct. 570, 87 A. 2d 799. The lower court was of the opinion that the wife had reasonable cause for leaving her husband and that she is entitled to support for herself as well as for her child.

The cases cited by appellant are readily distinguishable from the present case. In *Commonwealth ex rel. Coleman v. Coleman,* 184 Pa. Superior Ct. 256, 133 A. 2d 307, the husband acceded to the demands of his wife to restore fully her interest in his estate, the matter about which they had quarreled and separated. They became reconciled but before resuming their marital relationship she arbitrarily increased her demands, which were refused by him. Therefore, she refused to return, and the court properly held her actions were unjustified and refused her support.

In *Commonwealth ex rel. Udis v. Udis,* 174 Pa. Superior Ct. 624, 101 A. 2d 144, the lower court accepted the testimony of the husband as credible and, since it disclosed no justifiable reason for the wife's departure, refused her support.

We have no quarrel with the other cases cited by appellant on the point where a wife voluntarily leaves her husband the burden is on her to establish justification for her leaving. In the present case, however, the lower court made such a finding and, as we review the record, it did not abuse its discretion in doing so since there is sufficient competent evidence to support its finding.

Order affirmed.