## Commonwealth ex rel. Brown *v.* Brown, Appellant.

Argued March 20, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Samuel Kagle,* for appellant.

*George R. Johnson,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

Clarence H. Brown, husband-appellant, has taken this appeal from the order of the court below awarding the wife-relatrix $4.50 per week for her support.

Appellant and relatrix were married on August 30, 1940. The wife is 44 years of age and the husband is 47 years of age. One son, now age 12, was born of the marriage. The wife withdrew from the marital home early in December, 1959, and has continued to live sep-

arate and apart from her husband since that time. The son has continued to live with the father since that time.

On June 8, 1960, the wife filed a petition for support in the court below and a hearing was held and concluded on July 13, 1960. At said hearing, the only testimony offered was that of the parties involved. The husband's weekly income is approximately $80.00 and the wife's income from her present employment with Girard Trust-Corn Exchange Bank is $48.00 per week. On this appeal, the husband does not contest the amount of the order but contends that the evidence produced is insufficient to support an order in any amount for the reason that the wife has not established adequate legal reason for her voluntary withdrawal.

The sole question in this case is whether the wife left the marital abode for adequate legal cause. The function of this Court is to determine whether there is sufficient evidence to sustain the order of the hearing judge. *Commonwealth ex rel. De Cristofano v. De Cristofano*, 193 Pa. Superior Ct. 574, 165 A. 2d 105; *Commonwealth ex rel. Scarpato v. Scarpato*, 190 Pa. Superior Ct. 45, 151 A. 2d 783; *Commonwealth v. Cooper*, 183 Pa. Superior Ct. 36, 128 A. 2d 181. In support cases, the only legal cause which would justify a refusal by the husband to support his wife is conduct of the wife which would support valid grounds for divorce. *Commonwealth v. Deose*, 194 Pa. 466, 168 A. 2d 791; *Commonwealth ex rel. Coleman v. Coleman*, 184 Pa. Superior Ct. 256, 133 A. 2d 307; *Commonwealth v. Sgarlat*, 180 Pa. Superior Ct. 638, 121 A. 2d 883. Conversely, where a wife voluntarily leaves her husband, the burden is upon her to establish justification for leaving or that the husband consented to the separation. *Commonwealth ex rel. Coleman v. Coleman*, supra; *Commonwealth ex rel. Pinkenson v. Pinkenson*,

162 Pa. Superior Ct. 227, 57 A. 2d 720. While the wife, under such circumstances, must show facts which create a legal cause for separation, it does not mean that she has to establish facts which would entitle her to a divorce.

Since the wife was the moving party, it was incumbent upon her to establish that her husband's conduct justified her leaving him or that he consented to the separation. Keeping these principles in mind, an examination of this record reveals that the wife has failed to prove either of these factors and the support order, therefore, must fail. This is so regardless of credibility which is primarily a function of the trial court to determine.

The wife testified that the reasons for her leaving were arguments over financial matters; that during the last few years her husband didn't give her any money; that he did the shopping for the family; that he told her to go out and work, and that he broke his promises to her to finish giving her items for the house which he had promised. She also complained that although he promised to purchase a home in 1950, he did not fulfill this promise until 1954. Finally, she stated that he had asked her to leave. The record reveals that these complaints were general expressions without any substantiation as to detail. Such general expressions, even if indicating reasons for separation are not sufficient. The basic reason disclosed on this record is the inability to agree on financial matters. This, of itself, is not a valid reason for separation. From time immemorial disagreements among married couples over financial matters have existed and will continue to exist. If such disagreements could be the basis of a valid separation, practically every married couple could disrupt the marital relationship and seek to live separate and apart. The record discloses that although the wife had been working for a period of three years

prior to the separation, she kept all of her earnings for her own use and did not contribute anything toward family obligations. While she was not legally required to do so, her complaint that her husband didn't give her any money during the last few years cannot be considered seriously. The husband admitted that he did the food shopping for the family but the record discloses that the wife considered it too much trouble to go shopping, particularly since she was employed; and although she complained about the food he purchased, she did not at any time, purchase any from her earnings.

The husband is admittedly frugal but his frugality centered on the desire to accumulate security for later life. In 1946, he purchased some cemetery lots for investment; in 1947 he bought an apartment house from accumulated savings and when his wife desired to live in Florida, he made arrangements to purchase a home and business down there. All of these investments required a careful handling of finances in order to meet monthly payments and other obligations. The wife became impatient in waiting to have things in life that she desired.

In *Commonwealth v. George*, 358 Pa. 118, 56 A. 2d 228, at page 123, our Supreme Court said: "The arm of the court is not empowered to reach into the home and to determine the manner in which the earnings of a husband shall be expended where he has neither deserted his wife without cause nor neglected to support her and their children. In the absence of evidence legally sufficient to support a finding of either essentials the court is without power to enter an order upon the husband directing payment to the wife of any amount. The statute was never intended to constitute a court a sounding board for domestic financial disagreements, nor a board of arbitration to determine the extent to which a husband is required to recognize the budget

suggested by the wife or her demands for control over the purse strings. . .," and on page 124 said: ". . . We decide only that where, as here, the husband provides a home, food, clothing and reasonable medical attention, he cannot be directed to pay a given stipend to the wife so that she may have it available for her own personal disposition. The method whereby a husband secures to his wife and family the necessities of life is not a proper subject for judicial consideration and determination in the absence of proof of desertion without cause or neglect to maintain."

While the wife testified that her husband asked her to leave, the record discloses that this was a conditional request and made during the heat of argument. A request under such circumstances is insufficient as a valid ground. As stated in *Mertz v. Mertz*, 119 Pa. Superior Ct. 538, 544, 180 A. 708, 710, "Such words, spoken as they were, in the heat of argument and on occasions stretching over a period of years, are insufficient to warrant the conclusion that respondent's final departure was with her husband's consent." Actually, the record discloses that the wife left without the knowledge of her husband and certainly without his consent. This cannot be construed as a reason for valid separation. The husband offered to remedy her complaints at the time of hearing but she refused to consider any possibility of reconciliation. Under such conditions, it is readily apparent that her departure was voluntary and the conditional request to leave, made in the heat of argument, had nothing to do with her separation.

The appellant's case does not rest on the issue of credibility determined from the testimony in this case but rests upon the ground that the wife did not establish any valid legal ground justifying her separation. In the absence of such grounds, the support order cannot stand. *Commonwealth ex rel. Coleman v. Coleman,*

supra; *Commonwealth ex rel. Udis v. Udis,* 174 Pa. Superior Ct. 624, 101 A. 2d 144.

The judgment of the court below is reversed and the order for support vacated, costs to be paid by appellant.