Commonwealth ex rel. Shapiro, Appellant, *v.* Shapiro.

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*I. Raymond Kremer,* with him *Marvin D. Weintraub,* for appellant.

*Michael H. Egnal,* with him *Egnal and Simons,* for appellee.

OPINION BY WRIGHT, J., September 17, 1964:

We are here concerned with two appeals by Edna Shapiro from orders of the County Court of Philadelphia in a support proceeding. In the first order, dated December 4, 1963, the court below ruled that appellant was not entitled to support from her husband. The second order, dated January 10, 1964, refused appellant's petition for a rehearing.

Edna and Samuel Shapiro were married on May 22, 1922, and lived together until January 9, 1962, when Mrs. Shapiro left the common home. The extended support proceeding arising from this separation was the subject of twelve hearings in the court below covering the period from June 13, 1962 to October 30, 1963. The voluminous original record, of which we have made a painstaking review, contains over one thousand pages with fifty some exhibits. It fully supports the conclusion of the hearing judge that Mrs. Shapiro's voluntary departure was without adequate legal reason and without the consent of her husband.

In fact, the brief of appellant's present counsel contains the following significant statement: "Appellant then employed her present counsel, who, after reviewing the records, advised her that in order to re-establish her marital and conjugal rights, it would be necessary for her to resume cohabitation with her husband". Appellant's complaint does not relate so much to the original refusal to enter a support order as it does to the denial of the petition for rehearing.

The law governing controversies of this nature is so well settled that it requires merely a brief restatement. The burden is upon a wife who has voluntarily left her husband to establish justification for leaving or that the husband consented to the separation: *Commonwealth ex rel. Coleman v. Coleman,* 184 Pa. Superior Ct. 256, 133 A. 2d 307. In the absence of any legal ground justifying her separation, a wife is not entitled to a support order: *Commonwealth ex rel. Brown v. Brown,* 195 Pa. Superior Ct. 324, 171 A. 2d 833. Our duty on appeal is to determine whether there is sufficient evidence to sustain the order of the hearing judge: *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d 793. In this connection we adopt with approval the following excerpt from Judge STOUT'S able and exhaustive opinion:

"Even if Mrs. Shapiro were a credible witness— which, because of evasiveness, conflicts of testimony and gross exaggeration that approached prevarication, she is not—she established no adequate legal reason for leaving . . . This separation was not a consentable one . . . Petitioner declared frequently, even to the day of trial, that she neither wanted to live with defendant nor to live in her home even if defendant moved out. In such circumstances, she is not entitled to support".

Appellant's principal contention, evidenced by her statement of the question involved, is that the court below erred in refusing to grant a rehearing. It is al-

leged that she has "since the trial of this case, discovered and has come into possession of new and additional evidence which, in the exercise of due care and diligence, she could not have discovered during the trial of this cause, and she has discovered and is now able to produce new and additional witnesses which, in the exercise of due care and diligence, she could not have discovered, produced or caused to testify during the trial of this cause".

In support of this petition, appellant attached three affidavits. The first is by Dr. Charles F. Geschickter, "that in his medical judgment, if Edna Shapiro continued to live with Samuel Shapiro, the conditions surrounding such a relationship would prove to be injurious to her health". Dr. Geschickter had been appellant's physician for over twenty-five years. He testified at length in the support proceeding. The parties authorized the hearing judge to select an impartial medical specialist. At the hearing of October 10, 1962, Dr. L. M. Tocantins was called as an expert witness for the court, thoroughly examined and cross-examined. The question of Mrs. Shapiro's condition was fully explored. Nowhere was there any inference or implication that it was in any way related to her marriage.

The second affidavit is that of appellant's son, Bennard Shapiro, who had refused to testify at any of the previous hearings. It is merely cumulative of other testimony already in the record. The third affidavit is that of Patricia Kahn Shapiro, wife of Bennard Shapiro, and relates solely to a disturbance in the Bellevue Stratford Hotel on December 22, 1961, on which occasion appellant was not even present.

The general rule is that, to warrant a new trial on the basis of after-discovered evidence, the evidence must have been discovered since the trial and be such as could not have been obtained at the trial by the use

of reasonable diligence: *Lazarus v. Goodman,* 412 Pa. 442, 195 A. 2d 90. In the words of Mr. Justice EAGEN in *Commonwealth v. Schuck,* 401 Pa. 222, 164 A. 2d 13: "In order to justify the grant of a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result". See also *Helmig v. Rockwell Mfg. Co.,* 389 Pa. 21, 131 A. 2d 622. It is readily apparent that the proposed additional testimony is neither new, nor after-discovered, nor would it likely compel a different result.

A petition for a rehearing in a support proceeding is addressed to the sound discretion of the trial judge: *Commonwealth ex rel. Arbitman v. Arbitman,* 161 Pa. Superior Ct. 529, 55 A. 2d 586. We perceive no abuse of discretion in the action of the court below in the case at bar.

Orders affirmed.

———

DISSENTING OPINION BY WOODSIDE, J.:

This Court has frequently said that a wife is not entitled to an order of support from her husband if she has been guilty of conduct which would entitle him to a divorce. The principle as applied to summary support proceedings deserves re-examination.

It is now possible for three hearings to be in process at the same time for a determination of the rights of the same parties to a divorce.[1] As contested divorce cases usually have long records, it is a tragic waste of time for the courts, the lawyers and the litigants to travel the same road more than once.

———

[1] Support hearings, hearings on the husband's action for divorce from the bonds of matrimony and hearings on the wife's action for divorce from bed and board.

Presumably a husband's defense to an action for support rests upon the statutory provision that permits a wife to petition for an order of support. It rests upon questionable ground. The Act provides: "If any husband . . . separates himself from his wife . . . without reasonable cause, *or* neglects to maintain his wife . . . his wife may file a petition . . ." for support. (Emphasis supplied) §733 of The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §4733. It is apparent that the phrase "without reasonable cause" refers to a husband separating himself from his wife, and not to his neglect to maintain her. I recognize that the legislature has allowed the court to follow the present interpretation of its statute for many years, and that under such circumstances the legislature and not the courts ordinarily should set aside a rule followed for so long. The present practice cannot be the best devisable. A better system should be developed.

The Commonwealth will support through public assistance a wife who has no other means of support. Thus, the courts permit a husband to transfer from himself to the Commonwealth the support of a wife from whom he suffered indignities or who left his home without cause. If he insists upon keeping her as his wife, should he be relieved of all responsibilities as her husband?

Should an ill wife be denied all support from a rich husband solely because she elects to reside with her son? Here we have an emotionally disturbed 62 year old wife suffering from leukemia. She is denied support from her wealthy husband of 41 years because the trial judge thought her reasons for living with her son separate from her husband were insufficient. Temporary orders of from $100 to $200 per week had been made against the defendant by the trial judge prior to her final order. I think the trial judge should have made an order of support for this wife. At first

the trial judge seemed to think so too. She changed her mind later. I agree with her first impression. I dissent from affirming her final order refusing all support.