Commonwealth ex rel. Young *v.* Young,
Appellant.

Argued December 16, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*Sidney M. DeAngelis,* with him *Bean, DeAngelis,
Tredinnick & Giangiulio,* for appellant.

*I. Leonard Hoffman,* with him *Charles R. Weiner,*
and *Weiner, Basch, Lehrer & Cheskin,* for appellee.

Opinion by Hoffman, J., March 24, 1966:

The husband-appellant and wife-appellee were married on July 24, 1941, and lived together for a period of twenty-two years. In 1963, following a separation, the wife filed a petition for support for herself and one minor child. After extensive hearings the court entered a support order of $200 a week based on a finding that the wife had been subjected to much physical and verbal abuse. An appeal taken from that order by the husband was withdrawn.

The parties remained separated until about November 10, 1964, when they resumed cohabitation. During the separation, arrearages on the support order totalling approximately $3000 had accrued. When cohabitation was resumed, no action was taken by the parties with respect to the order or the arrearages.

On January 8, 1965, however, the wife agreed, at the husband's request, to suspend the order and to remit the arrearages, but she specifically refused to vacate the support order. On March 2, 1965, the wife again withdrew from the marital domicile. She advised the nonsupport division of the lower court of the separation and the support order was reactivated.

On March 23, 1965, the husband filed a petition to vacate the order contending that the wife had maliciously deserted him. After a hearing, the trial judge dismissed the petition. He found that the reconciliation was not unconditional but was, in effect, a "trial" reconciliation. On this basis he concluded that whether the husband had committed further acts of misconduct after cohabitation was resumed was irrelevant in this case. We agree with the lower court.

Reconciliation is not a complete defense to a divorce action based on indignities. Thus it has been held that a wife need not always establish that she was subjected to further indignities after the reconciliation to obtain a divorce. Reconciliation is merely a factor to be

considered in determining whether her condition had in fact been made intolerable. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). This principle should clearly be applicable in support actions where the wife need not establish facts which would entitle her to divorce but only facts which would justify her living apart from her husband. *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181 (1956).

On the facts of this case where (1) the parties had been married for twenty-two years; (2) the wife had been subjected to physical and verbal abuse by her husband; (3) the reconciliation was not absolute but was a trial reconciliation; and (4) the renewed cohabitation continued for only four months, we find that the wife was not required to establish acts of misconduct during the period of reconciliation to justify her leaving the marital domicile.

When the parties resumed cohabitation the wife was unable to foretell whether she could erase the traumatic effect of past indignities even if there would be no further ill-treatment. The purpose of the trial reconciliation was to allow her to determine whether the marriage could be saved or whether the damage done to its structure by the husband was irreparable. In the circumstances of this case, four months was not an unreasonably prolonged period in which to determine that the reconciliation would not work. She should not now be penalized, by loss of her right to support, for making one last bona fide effort to save the marriage.

Order affirmed.

MONTGOMERY, J., dissents.