## Commonwealth v. Schadel

*Oscar F. Spicer*, District Attorney, for Common-wealth.

*Robert G. Bigham*, for defendant.

MacPHAIL, P. J., October 20, 1970.—This is an action for nonsupport wherein the prosecutrix seeks support for herself and her three minor children, ages 2, 7 and 13. Defendant is a major in the United States Air Force. His annual income after taxes is $12,000. The prosecutrix is employed as a kindergarten teacher at an annual salary of $4,200.

At the hearing, defendant said he was able to afford to pay $800 per month for the support of his family provided that all costs on the jointly owned home were paid by his wife. Notwithstanding his financial ability to do so, he contested liability for the support of his wife.

At the conclusion of the hearing, we entered a temporary order directing that defendant pay the sum of $600 per month for the support of his wife and children. That sum included an allowance for mortgage payments, maintenance, utilities and taxes for the jointly owned home, which items were to be paid

by the prosecutrix from the support payments. We then allowed counsel 20 days to file legal briefs on the issue of defendant's liability for the support of his wife.

As previously noted, defendant is in the military service and has been so occupied since the parties were married. The marital home is the jointly held real estate in Gettysburg, Pa., previously mentioned herein. From 1960 to 1964 the prosecutrix and her husband lived in Germany where he was assigned at that time. They returned to Gettysburg and defendant was subsequently assigned to Langley Field in Virginia. He wanted his wife to live with him there but, according to him, she gave him valid reasons why this should not be done. Thereafter, defendant commuted between Gettysburg and Langley Field on the weekends until the present difficulties began. In June of 1969, defendant said he again asked his wife to live with him at Langley Field and when she refused this time he did not consider her reason to be a valid one. At that time, however, it must be noted that defendant was living in officers' quarters on the base and did not have suitable accommodations for his wife elsewhere, although he said he could easily make arrangements.

In November of 1969, defendant received orders transferring him to Thailand. Pursuant to defendant's request, the military authorities also authorized the transportation of defendant's dependents, wife and three children, to Thailand. Defendant testified that if his family accompanied him to Thailand, they would be maintained in the United States government facility in that country. Defendant asked his wife to accompany him to Thailand and, when she refused, he moved out a substantial part of the furniture which had been acquired by the parties during their married life, without the consent of the prosecutrix. About

that same time, defendant sent his wife a registered letter insisting that she accompany him to Thailand. The prosecutrix refused this request and defendant withheld his financial support from the family.

In her own behalf, the prosecutrix testified that she had refused to go to Thailand because she feared for the safety of herself and her children due to the war in Indo-China.

These facts raise the specific issue of whether a husband can be compelled to support his wife when she refuses to live with him in a foreign country which is adjacent to a war zone because of the danger, real or imagined, to herself and her children. In Pennsylvania, the only legal cause which justifies a refusal by the husband to support his wife is conduct on the part of the wife which would support valid grounds for divorce: Commonwealth ex rel. Brown v. Brown, 195 Pa. Superior Ct. 324 (1961). Conversely, where a wife voluntarily leaves her husband, the burden is upon her to establish justification for leaving or that the husband consented to the leaving: Commonwealth ex rel. Brown v. Brown, supra. Here, defendant's position is that since his wife has refused to live with him in Thailand, she is guilty of constructive desertion and, therefore, he need not support her.

There are several reasons why defendant's position cannot be sustained. Before the wife is guilty of constructive desertion, the husband must show that he was able, willing and did, in fact, provide a suitable home for her. What is "suitable" is a matter of reasonableness, not of personal whim: Popovic v. Popovic, 195 Pa. Superior Ct. 291 (1961). Considerable latitude in this respect is given to the husband when he is in the military service since,obviously, he has no choice of location: MacDonnell v. MacDonnell, 190 Pa. Superior Ct. 397 (1959). But if the home provided by the husband is not suitable, taking into consideration

the safety, comfort, welfare and peace of mind of the wife, it is not unreasonable for her to refuse to join him. Here, we feel that the prosecutrix was justified in her apprehension about going to Thailand and her safety while she is there. With young children, one barely more than an infant, to consider besides herself, we cannot say as a matter of law that her fears are unfounded or unrealistic. Nor do we feel that she should be compelled to expose herself and her children to dangers inherent in a country so close to an actual war. Events in recent years, yes, even recent months, have indicated that the conflict in Vietnam can spread to a neighboring country in a matter of hours. We feel that the facts in the present case are far different from the circumstances in the MacDonnell case, supra.

Furthermore, before defendant could use his wife's desertion as "grounds for a valid divorce," he would have to prove that the desertion has continued for at least two years. Even if we consider defendant's offer in June of 1969 as a bona fide offer on his part for his wife to come live with him at Langley Field, and further hold her refusal to do so to be unreasonable, the two-year period would not yet have expired. Therefore, it is unnecessary at this time to decide whether the offer and the rejection thereof did constitute desertion. It is obvious that the registered letter sent in June of this year would, at most, continue the prior period of desertion if, in fact, there was a desertion in 1969.

To summarize, defendant here has not contested the amount of support we have ordered. We find that the prosecutrix has given defendant no valid grounds for divorce. Therefore, defendant must support his wife and his children.

## ORDER OF COURT

And now, October 20, 1970, the order of this court

entered July 17, 1970, is hereby affirmed in all particulars and shall constitute a final order with respect to the issues presented to the court on that date.