## BARBARA A. FRITTS *v.* LOWELL R. FRITTS

[No. 362, September Term, 1970.]

*Decided February 8, 1971.*

196

The cause was argued before Morton, Orth, and Moylan, JJ.

*William F. Hickey* for appellant.

*Charles W. Woodward, Jr.,* for appellee.

Orth, J., delivered the opinion of the Court.

On 4 March 1970 by decree of the Circuit Court for Montgomery County, sitting in Equity, Lowell R. Fritts, defendant and cross-plaintiff below and appellee on appeal, was divorced *a mensa et thoro* from Barbara A.

Fritts, plaintiff and cross-defendant below and appellant on appeal. Appellant's Bill of Complaint for a divorce *a mensa et thoro* was dismissed. By order of the court the entry of the decree constituted a final, appealable judgment on the question of the awarding of an *a mensa* divorce, it being expressly determined that there was no just reason for delay. Mrs. Fritts appealed.

## I

Three of the questions presented go to the sufficiency of the evidence. Appellee alleged and adduced evidence to show that appellant deserted him. Appellant alleged and adduced evidence to show that appellee had constructively deserted her. Both offered evidence in corroboration. The court found that the evidence fell "far short" of showing that appellee's conduct was such as to endanger appellant's security or health, that the separation of the parties was not by agreement between them, that appellant did not have sufficient cause in law to justify her leaving the marital domicile and that in so doing she became guilty of deserting appellee. It said: "There is no doubt from the evidence that Mrs. Fritts left the home on January 5, 1969 with the clear intent to terminate the marriage."

We have viewed the evidence, as we must, in a light most favorable to appellee as the prevailing party below. Viewed in that light there was substantial evidence to support the factual conclusions of the chancellor and we must accept them. Therefore we cannot say that the chancellor's judgments on the evidence were clearly erroneous and may not set them aside. Maryland Rule 1086; *Simmons v. B & E Landscaping Co.*, 256 Md. 13; *Burroughs Int'l Co. v. Datronics Eng'rs., Inc.*, 254 Md. 327. The credibility of the witnesses and the weight of the evidence were matters for the chancellor. *Eastern Heavy Constructors, Inc. v. Fox*, 231 Md. 15; *Parker v. Parker*, 222 Md. 69; *Hall v. Morris*, 213 Md. 396.

## II

Appellant claims that she was denied due process of law because the chancellor refused to allow oral argument. The transcript of the proceedings shows that at the close of all the evidence and after a discussion as to custody of the children and counsel fees, there transpired the following:

> "THE COURT: I will order a custody investigation by the court investigator, but I am going to decide now the question of divorce, and I find it unnecessary to hear your arguments. I have heard all the evidence, and I'm satisfied that I can decide this case without hearing argument on the question of divorce.
>
> MR. HICKEY (counsel for appellant) : May I for the record request that we have an opportunity to review the evidence and testimony, or submit a brief on the legal questions that might be involved.
>
> THE COURT: I don't think that will be necessary.
>
> MR. HICKEY: All right, sir, but I would like my objection on the record.
>
> THE COURT: Your objection is in the record. Would you like the record to show any particular law that you would invite the Court's attention to?
>
> MR. HICKEY: I have a number of cases, but for me to be asked to go into detail at this time, I am not prepared to argue it."

In support of her contention appellant cites *Hirsch v. Yaker*, 226 Md. 580. But in that case the point was not decided as the Court of Appeals found that "[c]learly, the appellants acquiesced in the submission of the case without argument."

The point is considered in an annotation under the heading "Prejudicial effect of trial court's denial, or

equivalent, of counsel's right to argue the case," in 38 A.L.R.2d 1396-1439. The great weight of authority is that in a non-jury civil case [1] the refusal of the trial court to allow a litigant's counsel to argue the case is not prejudicial error. *Id.,* § 5 [h] at 1431-1436; see Later Case Service thereto at 763-764. Many of the decisions are based upon the theory that in a trial before the court without a jury, argument of counsel is a privilege, not a right, which is accorded the parties by the trial court in its discretion. This reliance on the discretion of the judge is in accord with the view of the role of the trial judge in this jurisdiction. In *State v. Hutchinson,* 260 Md. 227, the Court of Appeals noted "the professional expertise, experience, and judicial temperament with which our legal system has inherently invested a trial judge *vis a vis* a jury composed of laymen." It said: "It is true that judges, being flesh and blood are subject to the same emotions and human frailties as effect other members of the specie[s]; however, by his legal training, traditional approach to problems, and the very state of the art of his profession, he must early learn to perceive, distinguish and interpret the nuances of the law which are its 'warp and woof.' " We believe that argument by counsel upon submission of a civil case tried without a jury is a matter within the discretion of the trial court. We find no abuse of discretion in the circumstances here.

### III

Appellant urges that the chancellor was prejudiced against her. She points out that the chancellor found that the evidence "clearly showed that, in the Court's opinion, that Mrs. Fritts was a frustrated and unhappy woman, and that in her unhappiness, she sought to seek out the company of other men. She went out socially on a number of occasions with two men after she and her husband had separated in November 1967. There is no

---

1. Appellant concedes in her brief that the authorities "have made a distinction between jury and non-jury trials." As to argument in a jury case, see 53 *Am. Jur.* §§ 452, 453, 460.

allegation, nor is there any evidence, that she committed adultery, but the Court takes her disposition to run around, or go out with other men, as being indicative of her general unhappiness and her attempt to find happiness outside the marriage." There was evidence tending to support these findings and we find no indication of prejudice in them.

She calls attention to a remark by the chancellor to show his prejudice. This remark related to a statement made by appellee during his examination by appellant's counsel concerning appellant's continued failure to place a bottle of vinegar on the table when she served appellee greens. Appellee testified: "[D]uring most of our marriage she would forget to put the vinegar on the table, and I would get up and get it. I mentioned this a couple of times that I preferred to have vinegar on the table on this type of food. Well, she always forgot it." The court said: "It sounds horrible." Appellant did not challenge the remark when it was made. This remark can be logically interpreted in a number of ways but by any reasonable construction in context, it did not show prejudice on the part of the chancellor that would require reversal.

Appellant further refers to another remark of the chancellor during the examination of a witness on behalf of appellant. The witness had taken care of the Fritts' children while Mrs. Fritts went to Ocean City for the weekend. Mr. Fritts showed her a note he had found in Mrs. Fritts' bedroom. Examined about the contents of the note she said she saw that it was in Mrs. Fritts' handwriting. Mr. Fritts told her what was in it. She was asked what he said and replied: "It just said, as far as I can recall, Wade and Bobbi." The transcript reads:

"THE COURT: Wade and Bobbi; that is all you heard?
THE WITNESS: Wade and Bobbi as far as I can recall.

THE COURT: As far as you can recall.
THE WITNESS: That was all Mr. Fritts said to me, Wade and Bobbi.
THE COURT: The note said 'Wade and Bobbi?'
THE WITNESS: Yes.
THE COURT: Isn't that rather incredible."

The matter was not then further pursued. It cannot be fairly concluded that this last remark by the chancellor indicated a prejudicial disposition of the chancellor toward appellant.

Other argument on the contention appears to be simply a rehash of the evidence with an implication that the chancellor was prejudiced because he did not find in her favor.

We find the contention that the chancellor was prejudicial in his determination of the matter to be without merit.

## IV

Appellant prays for an increase in the counsel fees awarded her counsel. He was awarded a total of $250 in the decree. As to the appeal, appellant moved for advancement of costs and counsel fees and appellee opposed the motion. Upon a hearing in open court at which appellee's financial statement was introduced by him, the chancellor ordered, on 10 June 1970, that appellee pay, in addition to costs as designated, $250 as counsel fees for the prosecution of the pending appeal. We think that the fee as awarded was a proper exercise of the court's discretion and do not disturb it.

*Decree affirmed; costs to be paid by appellee.*