Commonwealth ex rel. Friedman, Appellant, *v.* Friedman.

Argued September 14, 1972.   Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David H. Kubert,* for appellant.

*Jerome E. Ornsteen,* with him *McEldrew, Hanamirian, Quinn, Bradley & D'Amico,* for appellee.

OPINION BY SPAULDING, J., November 16, 1972:

Appellant Jennie Friedman appeals from the dismissal of her petition for support by the Court of Common Pleas of Philadelphia, Family Division. The parties were married in 1961. Appellant is now 56 years of age and the appellee is 80. They separated in December 1971, when appellant left the family home provided by appellee. At the hearing in the court below the parties were the only witnesses. Appellant contended that she is entitled to support because she was legally justified in leaving the marital domicile. The court below, however, determined that appellant was not justified in leaving appellee. Finding his testimony more credible, it dismissed her petition for support.

"The function of this Court is to determine whether there is sufficient evidence to sustain the court below or whether the court below was guilty of an abuse of discretion. Commonwealth ex rel. Scarpato v. Scarpato, 190 Pa. Superior Ct. 45, 151 A. 2d 783; Commonwealth ex rel. Stomel v. Stomel, 180 Pa. Superior Ct. 573, 119 A. 2d 597. In a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on its merits. Commonwealth ex rel. Woodruff v. Woodruff, 188 Pa. Superior Ct. 320, 146 A. 2d 376." *Commonwealth ex rel. De Cristofano v. De Cristofano,* 193 Pa. Superior Ct. 574, 576, 165 A. 2d 105 (1960). President

Judge WRIGHT stated in *Commonwealth ex rel. Shapiro v. Shapiro*, 204 Pa. Superior Ct. 135, 137, 203 A. 2d 369 (1964) : "The law governing controversies of this nature is so well settled that it requires merely a brief restatement. The burden is upon a wife who has voluntarily left her husband to establish justification for leaving or that the husband consented to the separation : Commonwealth ex rel. Coleman v. Coleman, 184 Pa. Superior Ct. 256, 133 A. 2d 307. In the absence of any legal ground justifying her separation, a wife is not entitled to a support order : Commonwealth ex rel. Brown v. Brown, 195 Pa. Superior Ct. 324, 171 A. 2d 833."

In the instant case, appellant attempted to show that appellee was an alcoholic, resulting in his threatening and abusing her. The appellee's testimony directly contradicted this argument. He contended that appellant's testimony "was an exercise in sheer exaggeration and fancy" and that he drinks only two ounces of liquor each evening, on instructions from his doctor. N.T. 32-33. The court below held that :

"The Court was not impressed with the testimony of the Petitioner. At best, it was vague and inconclusive.

. . .

"In the case at bar, the Court is unconvinced by the testimony of the Petitioner. Since the burden is upon her to demonstrate that her husband's conduct justified her leaving him, if she fails to present evidence to establish the justification, she has failed to meet her burden. In the opinion of the Court, the burden has not been met by the Petitioner and, therefore, she is not entitled to support from her husband in this matter." There is sufficient evidence in the record to support this holding, and the court below has not abused its discretion.

Appellant also raises a substantial question as to whether the court below breached its discretion by refusing to hear argument in summation by counsel.

Initially, we note our decision in *Commonwealth v. McNair*, 208 Pa. Superior Ct. 369, 222 A. 2d 599 (1966), that denial of the right of summation in a criminal case tried by a judge without a jury is prejudicial error. *McNair* thus extended the similar rule long applied to criminal jury trials. *Charles Stewart v. The Commonwealth*, 117 Pa. 378, 11 A. 370 (1887). However, the instant case is a support action; a quasi-criminal,[1] summary proceeding under the Act of June 24, 1939, P. L. 872, §733, as amended, 18 P.S. §4733.[2] In such an action the rule concerning the right to counsel is less strict than in a criminal action. See *Commonwealth ex rel. O'Gara v. O'Gara*, 198 Pa. Superior Ct. 405, 408, 181 A. 2d 723 (1962) ; *Commonwealth ex rel. Trichon v. Trichon*, 189 Pa. Superior Ct. 395, 150 A. 2d 176 (1959). The rule concerning the right to argument in summation in support matters should be no more strict.

The great majority of other jurisdictions which have considered the question of whether there is a right to argument in nonjury civil cases, have held that the refusal to allow counsel to argue in such cases is not prejudicial error. See Annotation, at §5h, 38 A.L.R. 2d 1396 (1954) and Later Case Service (1969), listing cases. "Many of these decisions are based upon the theory that in a trial before the court without a jury, argument of counsel is a privilege, not a right, which is accorded the parties by the trial court in its discretion." 38 A.L.R. 2d 1396, at 1431. While several of

---

[1] *Commonwealth ex rel. Bundy v. Bundy*, 159 Pa. Superior Ct. 153, 47 A. 2d 537 (1946).

[2] *Commonwealth v. McAlaine*, 193 Pa. Superior Ct. 27, 163 A. 2d 711 (1960).

these decisions are most persuasive,[3] we do not reach the question they resolve in deciding the instant case.

The record discloses that during the course of the hearing in the court below there were several colloquies between counsel for appellant and the court which amounted to the oral argument which appellant now claims counsel was not allowed to present. N.T. 7, 13, 15-16, 35, 44, 47. Appellant's complaint arises from the following exchange at the conclusion of the testimony.

"Mr. Goldman: All right, I have no further questions. The Court: The Petition is dismissed. Mr. Goldman: You won't hear me on liability, Sir? The Court: The Court denies liability. Mr. Goldman: All right, Sir." (N.T. 54) Appellant alleges he was thus deprived of argument on this issue. However, the following earlier statements by appellant's counsel outlined quite sufficiently his argument to the court: "The Court: . . . This is quite remote. Mr. Goldman: What I'm trying to show, your Honor, is a pattern on the part of the defendant throughout the entire marriage, which led up to her having not being (sic) able to take it any longer and having legal justification for leaving him; that this was not an isolated event, that it occurred over the entire marriage." (N.T. 7) ". . . The Court: Mr. Goldman, I realize that you are trying to show a pattern. Mr. Goldman: Yes, Sir. . . . The Court: You certainly have enough pattern. Mr. Goldman: All right, Sir. . . . Mr. Goldman: All right, Sir. I have no further questions on liability. I don't know how the Court wants to handle this, whether you want to cross-examine him on liability and then present her needs, or unless you want to present the whole case at this time.

---

[3] See, e.g., *Fritts v. Fritts*, 273 A. 2d 648 (Md. 1971) ; *Gillette v. Gillette*, 180 Cal. App. 2d 777, 4 Cal. Rptr. 700 (1960).

The Court: Why not present her needs? Mr. Goldman: All right, Sir." (N.T. 13-15)

"A matter such as the length of argument is, of course, almost entirely within the discretion of trial courts, see Commonwealth v. Buccieri, 153 Pa. 535, 551, 26 Atl. 228, 234 (1893)." *Baxter v. Philadelphia,* 426 Pa. 240, 254, 231 A. 2d 151 (1967). Here, an experienced trial judge, thoroughly familiar with the law governing the case, concluded that he had heard sufficient argument on the facts during the course of the hearing and any further argument would only be repetitious. As this Court stated in *Babis v. N. Y. Ext. Co., Inc.,* 120 Pa. Superior Ct. 73, 77, 181 A. 846 (1935).

"Oral arguments are generally of value in decision of a cause. We usually find them to be of benefit. But the calendar of a busy court . . . may be so congested that oral arguments are not always practicable, and we will not interfere with the discretion of the Court in the matter, unless shown to have been so unreasonably exercised as to amount to an abuse of discretion."[4] There was no such abuse of discretion in the instant case.

The order of the court below is affirmed.

---

[4] See also *Burish v. Digon,* 416 Pa. 486, 206 A. 2d 497 (1965) ; *Bryn Mawr Col. v. Gold B. & L. Assn.,* 120 Pa. Superior Ct. 246, 252, 182 A. 98 (1935). But see *U.S. ex rel. Wilcox v. Commonwealth of Pennsylvania,* 273 F. Supp. 923, 924 (E.D. Pa. 1967) (Dictum).