424 A.2d 524

**Vickie MORLEY, a minor, by her parent and natural guardian, Josephine E. Morley, and Josephine E. Morley, Appellants,**

v.

**Leonard A. MORLEY, Sr.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed Jan. 9, 1981.

398

Arthur L. Jenkins, Jr., Norristown, for appellants.

Charles J. King, Jr., Norristown, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

Presently before the court is wife-appellant's appeal from the order of the lower court dated October 4, 1979, wherein the court after hearing, concluded that appellant had failed to carry her burden of proving that her voluntary departure from the marital abode was justified; rather that same was unjustified and, hence, she was not "entitled" to spousal support.

We reverse and remand for a hearing consistent herewith.

This case came before the lower court on appellant's complaint for support for herself and one minor child (an 11-year old daughter) who resided with her. There are two other children born of the marriage who presently reside with the appellee—a 19-year old daughter who attends Temple University and a 16-year old high school student. The lower court hearing on October 2, 1979 was limited to the legal issue of appellant-wife's "entitlement" to support on her own behalf. After hearing, the lower court ordered the appellee to pay $35.00 per week for the support of the parties' minor daughter who resides with the appellant, but denied appellant's complaint for spousal support, the lower court having concluded that appellant was not "entitled" to support for herself.

It is from the decision of the lower court only with respect to the issue of appellant's entitlement to spousal support that the instant appeal has been brought.

The limited record reflects the following: That the relationship between the parties had deteriorated badly for several years, primarily over money problems. In September or October of 1978, appellee stopped giving the appellant grocery money and suggested that the appellant who at the

time was working part-time, could buy groceries herself. In early December, 1978, appellee received a letter from appellant's original attorney requesting a meeting between the parties to discuss the possibility of a separation. Both parties attended this meeting but no consensual agreement or arrangement was reached concerning a possible separation.

That same month, December of 1978, appellant's elderly mother was involved in a very serious automobile accident and was taken directly to Abington Hospital where she stayed until she died the first week in January, 1979 from the injuries sustained. Prior thereto, appellant's mother and 78-year old father lived approximately a mile and a half away from the parties' jointly-owned residence.

Immediately following the accident, appellant stayed at her father's home, ". . . because my father cannot hear the phone and mother was in intensive care. We stayed at the hospital during the daylight hours so that we could see her, and at night it was necessary for someone to be there in case a telephone call was received." Appellant further testified that during the period of time her mother was hospitalized and she (appellant) was staying at her parents' home, she did go back to the parties' residence to get clothes and pick up things.

Appellant testified further that her mother died on a Saturday in early January, 1979 and that day she returned to the parties' home but the front door was locked and her key would not work because the appellee had changed the locks.

Appellee testified that he did in fact change the locks a few days prior thereto but only because the old locking or latching mechanism ". . . finally just disintegrated. The front door knob came off in my hand one day." Appellee testified that that occurred on a Wednesday and the next day (Thursday) he attempted to locate the appellant to give her a key but was unable to do so. He then left for a weekend visit to his father's home. On cross-examination, appellee admitted that a month went by before he gave appellant a key to their entireties property.

At a counseling session late in January, the appellee finally delivered to the appellant a key for the front door. The parties, however, did not reconcile at that time and after receiving notice of a support hearing, the appellee, in May of 1979, again admitted that he changed the locks on the front door to maintain his privacy, and, had continued to exclude the appellant from the jointly-owned residence until the time of and continuing after the support hearing.

■ We full well realize that the law of the Commonwealth imposes upon a spouse seeking support, the burden to show by sufficient evidence an adequate legal cause for leaving: *Commonwealth ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974); *Commonwealth ex rel. Friedman v. Friedman*, 223 Pa.Super. 66, 297 A.2d 158 (1972); *Commonwealth ex rel. Young v. Young*, 207 Pa.Super. 440, 217 A.2d 857 (1966); *Commonwealth ex rel. Shapiro v. Shapiro*, 204 Pa.Super. 135, 203 A.2d 369 (1964); *Commonwealth ex rel. DiPietro v. DiPietro*, 175 Pa.Super. 18, 102 A.2d 192 (1954).

This court has defined "adequate legal cause" as meaning any cause that justifies the spouse's departure: *Commonwealth ex rel. Reddick v. Reddick*, 198 Pa.Super. 111, 181 A.2d 896 (1962); *Larkin v. Larkin*, 262 Pa.Super. 294, 298, 396 A.2d 761, 763 (1979).

■ Contrariwise, the only cause that will legally excuse a spouse's refusal to support a dependent spouse is conduct upon the part of the dependent spouse which would in a divorce proceeding rise to the level of constituting valid grounds for a fault divorce: *Halderman*, supra.

■ We conclude that the lower court committed an abuse of discretion in finding that appellant failed by sufficient evidence to demonstrate an adequate legal cause for leaving. We hold that appellant had adequate legal cause to justify her temporary departure from the entireties' property, to-wit, to attend to the temporary care and to render assistance to her elderly father while her mother remained hospitalized in critical condition. (It is significant to note at

this time that the record is devoid of evidence reflecting whether appellee either consented to or objected to appellant's departure in December, 1978.) We further conclude that appellee's act in changing the lock on the entireties' dwelling in January, 1979 (for whatever reason) and his failure to provide appellant with a new key, constituted a constructive eviction and must be considered as converting appellant's *temporary* legal cause for leaving to a more permanent one.

■ Additionally, we find that appellant was not guilty of conduct at the time in question that would be a valid ground for the granting of a fault decree in divorce in favor of the appellee. As we said in *Halderman, supra*, 230 Pa.Super. at 128–129, 326 A.2d 908: "Thus a wife's failure to live with the husband does not justify the husband's refusal to support the wife unless the separation is willful and malicious and without consent or encouragement."

■ We therefore are compelled to reverse and remand the order of the lower court even though we are ever mindful of our narrow appellate scope of review of an order dismissing a petition for support. We fully appreciate that we may not substitute our judgment for that of the lower court. Our scope of review is limited to a determination of whether or not the trial court committed an abuse of discretion. See *Commonwealth ex rel. McQuiddy v. McQuiddy*, 238 Pa.Super. 390, 358 A.2d 102 (1976); *Commonwealth ex rel. Groff v. Groff*, 173 Pa.Super. 535, 98 A.2d 449 (1953). As we stated in *Irwin Borough Annexation Case (No. 1)*, 165 Pa.Super. 119, 133, 67 A.2d 757, 764 (1949):

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record, discretion is abused. *Mielcuszny v. Rosol*, 317 Pa. 91, 93, 176 A. 236. 'When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appel-

late court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power': *In re Garrett's Est.,* 335 Pa. 287, 292, 6 A.2d 858, 860."

In the instant case, we conclude that the lower court did in fact commit an abuse of discretion since we find that there is insufficient evidence to support the lower court's conclusion that appellant is not "entitled" to spousal support.

Further, this case must be distinguished with *Commonwealth ex rel. Brown v. Brown,* 195 Pa.Super. 324, 171 A.2d 833 (1961) where we concluded that the wife was not entitled to support because she failed to establish any valid legal grounds justifying her voluntary separation despite testimony concerning arguments over financial matters.

The order of the lower court is reversed and the case remanded for a hearing consistent herewith.

Reversed and remanded.

CAVANAUGH, J., files a dissenting statement.

CAVANAUGH, Judge, dissenting:

I dissent. Sufficient evidence was presented to permit the trial judge to find that an adequate legal cause for leaving did not exist. I find no abuse of discretion.