**Noll v. Noll**

C.P. of Berks County, nos. 90-0342-00 & 90-1977-00.

EHRLICH, *J.*, November 16, 1994—The issue before the court is whether plaintiff, "wife," is entitled to spousal support. The basic facts are not in dispute. The parties were married in 1986 and are the parents of two minor children who have been in the custody of defendant, "husband," since shortly after the parties separated. Wife did not work outside the home during the marriage. The separation occurred when wife was hospitalized at the end of 1989 or the beginning of 1990 through a mental health commitment. When she left the hospital she went to reside with her parents. Wife states that she moved to her parents' home because of husband's "harassment." This alleged harassment is not further defined nor described in the record and there is no evidence that husband prevented or discouraged wife from returning to the marital residence. Wife had serious psychiatric difficulties which affected her behavior, but she refused treatment and medication that was recommended.

There is a companion case for child support in which wife is the defendant. There is authority for the proposition that a party suffering from psychological illness may be excused from seeking employment and paying child support. *Straub v. Tyahla*, 274 Pa. Super. 411, 418 A.2d 472 (1980). We find no authority for the proposition, however, that a wife is excused from the legal consequences of leaving her husband, without any evidence that the illness prevented her from returning following the hospitalization. Otherwise, a

spouse departing the marital premises must show a reason based on the conduct of the defendant, in order not to forfeit her right to support. We cannot require husband to pay support merely because wife may have been mentally ill and has chosen to live apart from him, without any justification based on his behavior.

The law imposes upon a spouse seeking support, who has left the marital domicile, the burden of showing adequate legal cause for leaving. In the circumstances of this case, we find that wife has failed to show adequate legal cause for leaving, or more precisely, adequate legal cause for failing to return to the home. The case cited by plaintiff, *Morley v. Morley*, 283 Pa. Super. 397, 424 A.2d 524 (1981), is inapposite. In that case, the wife temporarily departed the marital home to assist in the care of a critically ill parent. While she was away, the husband changed the locks on the dwelling and refused to permit her to return. The Superior Court found that this temporary departure to render assistance to a parent did not forfeit her right to spousal support. These facts are clearly distinguishable from the case before us.

We will take judicial notice of the fact that the parties were divorced on October 21, 1992 and that any order would have terminated as of that date. However, it was the responsibility of defendant to provide the domestic relations section with a copy of the divorce decree or other evidence of the termination of the marriage. Since he failed to do so, the domestic relations section was correct in continuing to calculate arrears while the interim order remained in effect.

For the above reasons, we enter the following order:

## ORDER

And now, November 16, 1994, it is hereby ordered and decreed as follows:

(1) The claim by Sharon R. Noll for spousal support is dismissed and the temporary order entered August 9, 1990 is vacated, with arrears cancelled.

(2) The claim by Michael A. Noll for child support is dismissed, with arrears cancelled.